# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



ENDORSED
FILED
ALAMEDA COUNTY

JUN 20 2019

CLERK OF THE SUPERIOR COURT
By ~~TANIA PIERCE~~ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PLEASANTON; PLEASANTON POLICE DEPARTMENT;
DAVE SPILLER; and DOES 1 to 90 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN BAUER, an individual and as Successor in Interest of Jacob
Bauer, deceased; ROSE BAUER, an individual and as Successor in
Interest of Jacob Bauer, deceased.

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br><br>You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br><br>*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br><br>*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Alameda County Courthouse<br>1225 Fallon St.<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG19023662 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jayme L. Walker                                                                    (510)832-5411
Gwilliam, Ivary, Chiosso, Cavalli & Brewer
1999 Harrison St., Suite 1600, Oakland, CA 94612

| DATE:<br>*(Fecha)* JUN 20 2019 | Chad Finke | Clerk, by<br>*(Secretario)* TANIA PIERCE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**McNamara Law Firm**

**JUL 29 2019**

**HAND DELIVERED**

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☒ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* Dave Spiller<br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership)     ☒ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

1  J. GARY GWILLIAM (SBN 33430)
2  JAYME L. WALKER (SBN 273159)
   Gwilliam, Ivary, Chiosso, Cavalli & Brewer
3  1999 Harrison St. Ste. 1600
   Oakland, CA 94612
4  Telephone: (510) 832-5411
   Facsimile: (510) 832-1918
5  Email: ggwilliam@giccb.com
          jwalker@giccb.com
6
7  MICHAEL E. CARDOZA (SBN 52264)
   The Cardoza Law Offices
8  1407 Oakland Blvd. Ste 200
   Walnut Creek, CA 94596
9  Telephone: (925) 274-2900
   Facsimile: (925) 274-2910
10
11 Attorneys for Plaintiffs
   JOHN AND ROSE BAUER
12

ENDORSED
FILED
ALAMEDA COUNTY

JUN 20 2019

CLERK OF THE SUPERIOR COURT
By
   TANIA PIERCE
              Deputy

McNamara Law Firm

JUL 29 2019

HAND DELIVERED

13            SUPERIOR COURT OF CALIFORNIA

14               COUNTY OF ALAMEDA

15

| | |
|---|---|
| 16  JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; | Case No. Rg 19023662 |
| 18 | COMPLAINT FOR DAMAGES |
| 19       Plaintiffs, | 1. Wrongful Death (Battery) |
| | 2. Wrongful Death (Negligence) |
| 20                  vs. | 3. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. §1983) |
| | 4. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. §1983) |
| 21  CITY OF PLEASANTON; PLEASANTON POLICE DEPARTMENT; DAVE SPILLER;; and DOES 1 to 90, inclusive; | 5. Substantive Due Process (42 U.S.C. §1983) |
| 23 | 6. Municipal Liability for Unconstitutional Custom, Practice or Policy (42 U.S.C. §1983) |
| 24       Defendants. | 7. Violation of Bane Act (Cal. Civil Code §52.1) |
| 25 | 8. Negligent Hiring, Training or Supervision |
| 26 | 9. Intentional Infliction of Emotional Distress |
| 27 | |
| 28 | **DEMAND FOR JURY TRIAL** |

## INTRODUCTORY STATEMENT

John and Rose Bauer's son, Jacob Bauer, was in a period of crisis with rapidly deteriorating mental health. Mr. and Mrs. Bauer were desperate to get help for their son and contacted Pleasanton Police no less than four times to notify them of their son's condition and to try to get their son committed for mental health evaluation and treatment. Because Jacob was not a danger to himself or others, Pleasanton Police told Mr. and Mrs. Bauer there was nothing they could do.

Just a few weeks later, Pleasanton Police Officers responded to a complaint about Jacob causing a disturbance at a grocery store. Although Jacob was unarmed, Pleasanton police officers violently restrained Jacob Bauer, tasered him and pinned him to the ground by kneeling on his body while he cried out in pain. During the altercation, Jacob was never a threat of harm to any of the officers. Eventually, as Jacob Bauer laid unconscious, an officer struck him in the legs with his baton and then stomped on his chest three times. Pleasanton police officers denied paramedics access to render medical care and Jacob died as a result of the violent assault and excessive force used on him by police.

COMES NOW Plaintiffs JOHN BAUER and ROSE BAUER, and for causes of action against Defendants, and each of them, complain and allege as follows:

## PARTIES

1.     Plaintiff John Bauer ("John") is an individual who resides in Alameda County California. John was the father of Jacob Bauer ("Jacob"), deceased, and is entitled to the property of Jacob under the laws of intestate succession as Jacob has no surviving spouse, domestic partner, children, or issue of deceased children. John sues in his individual capacity as the father of decedent Jacob Bauer and as a successor in interest to Jacob Bauer. John seeks wrongful death damages and survival damages under federal and state law.

2.     Plaintiff Rose Bauer ("Rose") is an individual who resides in Alameda County California. Rose was the mother of Jacob Bauer ("Jacob"), deceased, and is entitled to the property of Jacob under the laws of intestate succession as Jacob has no surviving spouse, domestic partner, children, or issue of deceased children. Rose sues in her individual capacity

1  as the mother of decedent Jacob Bauer and as a successor in interest to Jacob Bauer.  Rose

2  seeks wrongful death damages and survival damages under federal and state law.

3       3.     John and Rose are from time to time referred to in this Complaint as

4  "Plaintiffs."

5       4.     Defendants City of Pleasanton ("Pleasanton"), Pleasanton Police Department

6  ("PPD"), and DOES 1 through 10, were public entities, duly organized and existing under and

7  by virtue of the laws of the State of California.

8       5.     Defendant Dave Spiller ("Spiller"), an individual, was at all times mentioned

9  herein the Chief of Police for PPD.

10       6.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant

11  herein Spiller, DOES 11 through 50, and each of them, were residents of the State of

12  California, and were police officers, employees, agents, servants, policy makers, supervisors

13  and representatives of Pleasanton and/or PPD.  Spiller, an individual, was at all relevant times

14  Chief of Police of PPD.  Spiller had supervisory authority and control over DOES 11 through

15  50.  Each Defendant is sued in his or her individual capacity as well as official capacity.

16       7.     At all times relevant herein, Defendants DOES 11 through 50, and each of

17  them, were acting under color of law, to wit, under the color of the statutes, ordinances,

18  regulations, policies, customs, practices and usages of Pleasanton and PPD.  Said DOE

19  defendants were acting within the course and scope of their employment with Pleasanton and

20  PPD and the wrongful acts hereinafter described flow from the very exercise of their authority.

21  Each Defendant was also acting as an employee, agent and representative of each and every

22  other Defendant herein, and in doing the acts herein alleged were acting with the permission,

23  consent, ratification, and authority of their co-defendants.

24       8.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant

25  herein, Spiller and DOES 30 through 50 were supervisors and policy makers for PPD.

26       9.     Plaintiffs are ignorant of the true names and capacities of Defendants sued

27  herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious

28  names.  Plaintiff is informed and believes and thereupon alleges, that each of the fictitiously

1   named Defendants is legally responsible, intentionally, negligently, or in some other

2   actionable manner, for the events and happenings hereinafter referred to, and thereby legally

3   caused the injuries, damages, and violations and/or deprivation of the rights hereinafter

4   alleged.  Plaintiff will seek leave of Court to amend this Complaint and state the true names

5   and/or capacities of said fictitiously named Defendants when the same have been ascertained.

6         10.     Pursuant to Government Code Section 910, Plaintiffs filed a Claim for

7   Damages with Pleasanton in proper form and within the applicable statutory period.

8   Pleasanton has denied Plaintiffs' claims, and Plaintiffs now bring the within action.

9                     **JURISDICTION AND VENUE**

10        11.     This court has jurisdiction of federal claims under 42 USC § 1983.  *Martinez v.*

11   *California,* (1980) 444 US 277, 283 n.7; *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 173, fn.

12   10.

13        12.     At all relevant times, Defendants' conduct complained of herein occurred in the

14   County of Alameda, California.

15                     **DEMAND FOR JURY TRIAL**

16        13.     Plaintiffs hereby demand trial of this matter by jury.

17                     **GENERAL ALLEGATIONS**

18        14.     Plaintiffs are informed and believe, and thereon allege, that on or about August

19   1, 2018, at the direction of Pleasanton, PPD, Spiller, and/or DOES 1 through 10, Spiller and/or

20   DOES 11 through 50 were dispatched to Raley's located at 5420 Sunol Blvd., Pleasanton, CA

21   94566 in response to reports of a disturbance by Jacob.

22        15.     Plaintiffs are informed and believe, and thereon allege, that when Spiller,

23   and/or DOES 11 through 50 detained Jacob, he was located on the corner of Sunol Blvd. and

24   Mission Dr. across from Spee Dee Oil Change located at 44 Mission Dr, Pleasanton, CA

25   94566.  Spiller and/or DOES 11 through 50 then restrained Jacob's hands and legs, placed a

26   spit mask over his mouth, and used a stun gun and taser on him several times without

27   legitimate reason, probable cause, or provocation.

28

---

16. Jacob Bauer was unarmed and posed no immediate threat of death or serious injury to officers or any other person at the time police used excessive force to restrain him. After being fully restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest several times without legitimate reason or provocation.

17. As a result of the conduct of Spiller and/or DOES 11 through 50, Jacob died. Prior to his death, he also suffered injuries including, but not limited to, contusions and severe emotional distress.

18. On information and belief, Jacob Bauer never threatened anyone prior to being subjected to deadly force by Defendants Spiller and/or DOES 11 through 50. He was not suspected of any serious crime, officers did not observe him commit any crime, and there was no information that Jacob had harmed anyone.

19. The involved officers DOES 11 through 50 subjected Jacob Bauer to deadly force even though he was not an immediate threat of death or serious bodily injury to the officers or anyone else and there were less lethal options available. The officers DOES 11 through 50 used lethal force on Jacob Bauer despite their actual or constructive notice that he was in a mental health crisis and they should deploy crisis intervention rather than lethal force. In doing so, Defendants did not show a reverence for human life.

20. When Jacob Bauer became unresponsive after excessive lethal force, Defendants DOES 11 through 50 did not provide or summon timely medical attention to Jacob Bauer who was unresponsive and turning blue. Defendants DOES 11 through 50 did not allow and prevented responding medical personnel on scene to timely render medical care to Jacob.

21. Prior to his death, Plaintiffs were extremely close to Jacob. Jacob lived with Plaintiffs and Plaintiffs enjoyed his company, their conversations, and having him in their lives. Plaintiffs relied on Jacob for love, companionship, comfort, society, affection, solace and moral support. As a direct result of Jacob's death, Plaintiffs suffered and continue to suffer damages including, but not limited to, funeral expenses, compensation for the loss of their son's love, companionship, comfort, affection, society, solace and moral support.

## FIRST CAUSE OF ACTION
### WRONGFUL DEATH OF JACOB CAUSED BY BATTERY
**(Plaintiffs Against Pleasanton, PPD, Spiller, and DOES 1 through 50)**

22.     Plaintiffs hereby reallege and incorporate each and every allegation set forth in paragraphs 1 through 21 as though fully set forth herein.

23.     On or about August 1, 2018, Spiller, and/or DOES 11 through 50 restrained Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on him several times without legitimate reason, probable cause, or provocation.  After being fully restrained, Spiller, and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest several times without legitimate reason or provocation.

24.     Plaintiffs are informed and believe, and thereon allege, Jacob did not consent to said acts of Spiller, and/or DOES 11 through 50.

25.     Pursuant to Government Code § 815.2, Pleasanton, PPD, Spiller, DOES 1 through 50, and each of them are vicariously liable for the conduct of Spiller, and/or DOES 11 through 50, described above as Spiller, and/or DOES 11 through 50 were acting within the course and scope of their employment.

26.     As a proximate result of the aforementioned acts of Defendants, Jacob died.

27.     Prior to his death, Plaintiffs were extremely close to Jacob.  Jacob lived with Plaintiffs and Plaintiffs enjoyed his company, their conversations, and having him in their lives.  Plaintiffs relied on Jacob for love, companionship, comfort, society, affection, solace and moral support.  As a direct result of Jacob's death, Plaintiffs suffered and continue to suffer damages including, but not limited to, funeral expenses, compensation for the loss of their son's love, companionship, comfort, affection, society, solace and moral support.

WHEREFORE, Plaintiffs pray for damages against Pleasanton, PPD, Spiller, and DOES 1 through 50, and each of them, as set forth below.

## SECOND CAUSE OF ACTION
### WRONGFUL DEATH CAUSED BY NEGLIGENCE
**(Plaintiffs Against All Defendants)**

28.     Plaintiffs hereby reallege and incorporate each and every allegation set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Due to the trust and authority given to chief of police, and police officers by virtue of their position, Spiller, and/or DOES 11 through 50, had a special relationship with Jacob and owed a duty of care to Jacob who detrimentally relied on said Defendants to provide medical care, protect him and to use reasonable force, if necessary.

30.     Spiller and/or DOES 11 through 50 breached their duty of care when on or about August 1, 2018, Spiller and/or DOES 11 through 50 restrained Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on him several times without legitimate reason or provocation. After being fully restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest several times without legitimate reason or provocation.

31.     Plaintiffs are informed and believe, and thereon allege, that Spiller and/or DOES 11 through 50 also breached their duty of care when they refused access to render medical care for Jacob. This delay in treatment due to Spiller and DOES 11 through 50's refusal to allow medical professionals access to Jacob contributed to his death.

32.     Plaintiffs are informed and believe, and thereon allege, that at no time was Jacob a threat to himself, the police officers, and/or others, and the use of force against Jacob was unreasonable, unnecessary, excessive, malicious, and/or for the purpose of inflicting pain on Jacob.

33.     By the actions and/or inactions described herein, Spiller and/or DOES 11 through 50, negligently, carelessly, recklessly, intentionally, and/or in any other actionable manner, used excessive force on Jacob.

34.     Pursuant to Government Code § 815.2, Pleasanton, PPD, Spiller, DOES 1 through 10, 11 through 50, and each of them are vicariously liable for the conduct of Spiller, DOES 11 through 50, described above as Spiller, and/or DOES 11 through 50 were acting within the course and scope of their employment.

35.     As a proximate result of the aforementioned acts of Defendants, Jacob died.

36.     Prior to his death, Plaintiffs were extremely close to Jacob. Jacob lived with Plaintiffs and Plaintiffs enjoyed his company, their conversations, and having him in their

1  lives.  Plaintiffs relied on Jacob for love, companionship, comfort, society, affection, solace

2  and moral support.  As a direct result of Jacob's death, Plaintiffs suffered and continue to

3  suffer damages including, but not limited to, funeral expenses, compensation for the loss of

4  their son's love, companionship, comfort, affection, society, solace and moral support.

5        WHEREFORE, Plaintiffs pray for damages against Pleasanton, PPD,

6  Spiller and DOES 1 through 50, and each of them, as set forth below.

7  **THIRD CAUSE OF ACTION**

8  **WRONGFUL DEATH CAUSED BY EXCESSIVE FORCE IN VIOLATION OF CIVIL RIGHTS,**
**42 U.S.C. §§ 1983, 1988**

9  **(Plaintiffs Against Spiller, and DOES 11 through 50)**

10      37.    Plaintiffs hereby reallege and incorporate each and every allegation set forth in

11  paragraphs 1 through 36 as though fully set forth herein.

12      38.    Under the Fourth Amendment to the United States Constitution, Jacob had a

13  right to be free from unjustified, unauthorized and/or excessive force by law enforcement and

14  to be free from unreasonable searches and seizures by law enforcement.  Under the Fourteenth

15  Amendment to the United States Constitution, Jacob had a right not to be deprived of life or

16  liberty without due process of law including, but not limited to, unreasonable seizures and

17  searches.

18      39.    On or about August 1, 2018, Spiller and/or DOES 11 through 50, restrained

19  Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on

20  him several times without legitimate reason, probable cause, or provocation.  After being fully

21  restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest

22  several times without legitimate reason or provocation.

23      40.    Thereafter, Plaintiffs are informed and believe, and thereon allege, medical first

24  responders arrived on the scene.  Plaintiffs are informed and believe, and thereon allege, that

25  Spiller and/or DOES 11 through 50 refused medical first responders access to Jacob to

26  evaluate and treat him.  This delay in treatment due to Spiller and DOES 11 through 50's

27  refusal for medical access to Jacob contributed to his death.

28

COMPLAINT                                  8                        CASE NO.

41.    Plaintiffs are informed and believe, and thereon allege, at no time was Jacob a threat to himself, the police officers, and/or others, and the use of force against Jacob was unreasonable, unnecessary, excessive, malicious, and/or for the purpose of inflicting pain on Jacob.

42.    Plaintiffs are informed and believe, and thereon allege, that at no time did Jacob attempt to resist arrest or offer violence to Spiller and/or DOES 11 through 50, and each of them.

43.    The aforementioned conduct by Pleasanton, PPD, Spiller, and/or DOES 11 through 50 constitutes a violation of Jacob's Fourth and Fourteenth Amendment rights to be free from unjustified, unauthorized and/or excessive force by law enforcement, to be free from unreasonable searches and seizures by law enforcement, and his right not to be deprived of life or liberty without due process of law, in violation of 42 U.S.C. § 1983. Said violations infringed on Jacob's personal liberty rights.

44.    By the actions and/or inactions described herein, Spiller and/or DOES 11 through 50, negligently, carelessly, recklessly, intentionally, and/or in any other actionable manner, used excessive force on Jacob in violation of his constitutional rights.

45.    As a proximate result of the aforementioned acts of Defendants, Jacob died.

46.    Plaintiffs are informed and believe, and thereon allege, that the conduct of Spiller and/or DOES 11 through 50, and/or each of them, was intentional, malicious, oppressive, and/or done with a conscious or reckless disregard for the rights of Jacob. As a result, Plaintiffs are entitled to recover all damages provided for the violation of these rights and for Jacob's personal injuries, including but not limited to, general and special damages according to proof, costs of suit, and attorney fees under 42 U.S.C. § 1988. Plaintiffs are also entitled to recover punitive damages against Spiller and/or DOES 11 through 50.

47.    Prior to his death, Plaintiffs were extremely close to Jacob. Jacob lived with Plaintiffs and Plaintiffs enjoyed his company, their conversations, and having him in their lives. Plaintiffs relied on Jacob for love, companionship, comfort, society, affection, solace and moral support. As a direct result of Jacob's death, Plaintiffs suffered and continue to

1    suffer damages including, but not limited to, funeral expenses, compensation for the loss of

2    their son's love, companionship, comfort, affection, society, solace and moral support.

3          WHEREFORE, Plaintiffs pray for damages against Spiller, and/or DOES 11 through

4    50, and each of them, as set forth below.

5                                **FOURTH CAUSE OF ACTION**
     **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**
6                         (Against Defendants Spiller and Does 11-50)

7          48.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 47

8    of this Complaint with the same force and effect as if fully set forth herein.

9          49.    The denial of medical care by Spiller and DOES 11 through 50 deprived

10   DECEDENT of his right to be secure in his person against unreasonable searches and seizures as

11   guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and

12   applied to state actors by the Fourteenth Amendment.

13         50.    As a result, DECEDENT suffered extreme mental and physical pain and suffering

14   and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of

15   the life-long love, companionship, comfort, support, society, care, and sustenance of

16   DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

17   Plaintiffs are also claiming funeral and burial expenses.

18         51.    Defendants Spiller and DOES 11 through 50 knew that failure to provide timely

19   medical treatment to DECEDENT could result in further significant injury or the unnecessary and

20   wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great

21   bodily harm and death.

22         52.    After severely beating Decedent and stomping on his chest, Spiller and DOES 11

23   through 50 did not timely summon or provide timely medical attention for DECEDENT, who

24   was unconscious and turning blue, and Spiller and Does 11-50also did not allow and prevented

25   responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

26         53.    The conduct of Defendants Spiller and DOES 11 through 50 was willful, wanton,

27   malicious, and done with reckless disregard for the rights and safety of DECEDENT and

28

---

1   therefore warrants the imposition of exemplary and punitive damages as to Defendants Spiller

2   and DOES 11 through 50.

3         54.    Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek both

4   survival and wrongful death damages for the violation of DECEDENT's rights.

5         55.    Plaintiffs also seek attorney's fees under this claim.

6                                   **FIFTH CAUSE OF ACTION**
**Substantive Due Process (42 U.S.C. § 1983)**

7                  **(Against Defendants Spiller and Does 11-50)**

8         56.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through

9   55 of this Complaint with the same force and effect as if fully set forth herein.

10       · 57.    Plaintiffs had a cognizable interest under the Due Process Clause of the

11   Fourteenth Amendment of the United States Constitution to be free from state actions that

12   deprive him of life, liberty, or property in such a manner as to shock the conscience, including

13   but not limited to, unwarranted state interference in Plaintiff's familial relationship with their

14   son, DECEDENT. As a result of the excessive force by Defendants Spiller and DOES 11

15   through 50, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of

16   familial relationship with DECEDENT.

17         58.    Defendants Spiller and DOES 11 through 50, acting under color of state law, thus

18   violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference

19   with their familial relationship with DECEDENT.

20         59.    The aforementioned actions of Defendants Spiller and DOES 11 through 50, along

21   with other undiscovered conduct, shock the conscience, in that they acted with deliberate

22   indifference to the constitutional rights of DECEDENT and Plaintiffs with purpose to harm

23   unrelated to any legitimate law enforcement objective.

24         60.    Defendants Spiller and DOES 11 through 50, acting under color of state law, thus

25   violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

26         61.    As a direct and proximate cause of the acts of Defendants Spiller and DOES 11

27   through 50, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured

28   in mind and body. Plaintiffs have also been deprived of the life-long love, companionship,

1   comfort, support, society, care and sustenance of DECEDENT, and will continue to be so

2   deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial

3   expenses.

4         62.    As a result of the conduct of Defendants Spiller and DOES 11 through 50, they are

5   liable for DECEDENT'S injuries because they were integral participants in the denial of due

6   process.

7         63.    The conduct of Defendants Spiller and DOES 11 through 50 was willful, wanton,

8   malicious, and done with reckless disregard for the rights and safety of DECEDENT and

9   Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to

10  Defendants Spiller and/or DOES 11 through 50.

11        64.    Plaintiffs bring this claim individually and seek wrongful death and survival

12  damages for the violation of Plaintiffs' rights.

13        65.    Plaintiffs also seek attorney fees under this claim.

14                          **SIXTH CAUSE OF A CTION**
           **VIOLATION OF CIVIL RIGHTS FOR UNCONSTITUTIONAL CUSTOM OR**
15                   **POLICY, 42 U.S.C. §§ 1983, 1988**
           **(Plaintiffs Against Pleasanton, PPD, Spiller, and DOES 1 through 10 and DOES 30**
16                          **through 50)**

17        66.    Plaintiffs hereby reallege and incorporate each and every allegation set forth in

18  paragraphs 1 through 65 as though fully set forth herein.

19        67.    Under the Fourth Amendment to the United States Constitution, Jacob had a

20  right to be free from unjustified, unauthorized and/or excessive force by law enforcement and

21  to be free from unreasonable searches and seizures by law enforcement.  Under the Fourteenth

22  Amendment to the United States Constitution, Jacob had a right not to be deprived of life or

23  liberty without due process of law including, but not limited to, unreasonable seizures and

24  searches.

25        68.    On or about August 1, 2018, Spiller, and/or DOES 11 through 50, restrained

26  Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on

27  him several times without legitimate reason, probable cause, or provocation.  After being fully

28

1 | restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest
2 | several times without legitimate reason or provocation.

3 |       69.    Thereafter, Plaintiffs are informed and believe, and thereon allege, that medical
4 | first responders arrived on the scene.  Plaintiffs are informed and believe, and thereon allege,
5 | that Spiller and/or DOES 11 through 50 refused access to Jacob to evaluate and treat him.
6 | This delay in treatment due to Spiller and DOES 11 through 50's refusal for medical access to
7 | Jacob contributed to his death.

8 |       70.    Plaintiffs are informed and believe, and thereon allege, at no time was Jacob a
9 | threat to himself, the police officers, and/or others, and the use of force against Jacob was
10 | unreasonable, unnecessary, excessive, malicious, and/or for the purpose of inflicting pain on
11 | Jacob.

12 |       71.    Plaintiffs are informed and believe, and thereon allege, that at no time did
13 | Jacob attempt to resist arrest or offer violence to Spiller, and/or DOES 11 through 50, and each
14 | of them.

15 |       72.    By the actions and/or inactions described herein, Spiller and/or DOES
16 | 11 through 50, negligently, carelessly, recklessly, intentionally, and/or in any other actionable
17 | manner, used excessive force on Jacob in violation of his constitutional rights.

18 |       73.    Plaintiffs further allege that Pleasanton, PPD, Spiller, DOES 1 through 10 and
19 | 30 through 50 and each of them, acting with gross negligence and with reckless and deliberate
20 | indifference to the rights and liberties of the public in general and of Jacob in particular,
21 | knowingly maintained, enforced, and applied a policy and practice of:

22 |     a.   Employing and retaining police officers who said Defendants at all times herein
23 |        knew, or reasonably should have known, had dangerous propensities for abusing
24 |        and/or neglecting their authority and committing acts of excessive force;

25 |     b.   Inadequately supervising, training, controlling, assigning, and disciplining police
26 |        officers who said Defendants knew, or in the exercise of reasonable care should
27 |        have known, had the afore-described propensities and character traits;

28

    c.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the conduct of the police officers particularly with respect to illegal acts and acts of excessive force;

    d.   Fostering and encouraging a policy, pattern, and practice of violence through their official positions, which proximately resulted in the excessive force on Jacob.

    e.   By having and maintaining an unconstitutional policy, custom and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Pleasanton, PPD, Spiller and DOES 1-10 were done with deliberate indifference to individuals' safety and rights.

74.    At all times prior to August 1, 2018, Spiller, DOES 1 through 10, 30 though 50 and each of them, were policy makers for Pleasanton and PPD and knew or should have reasonably known that Spiller and/or DOES 11 through 50 had a propensity to violate the civil rights of persons and/or to fail to prevent the violations of civil rights by others, including but not limited to, excessive, unreasonable and/or unjustified use of force, yet failed to adequately train, retrain, monitor, supervise, and discipline said Defendants.

75.    Pleasanton, PPD, Spiller, DOES 1 through 10, 30 through 50 and each of them, have, as a matter of policy, custom and/or practice, with deliberate and reckless indifference, failed to properly sanction or discipline police officers, including Spiller and/or DOES 11 through 50, for violations of the constitutional rights of citizens, and have tolerated, ratified, permitted and condoned systematic misuse of force, excessive force by sheriffs, deputies, and police officers thereby causing them to engage in said unlawful conduct.

76.    Pleasanton, PPD, Spiller, DOES 1 through 10, 30 through 50 and each of them, had knowledge that some or all of the wrongs described in detail above, were about to be committed, had the power to prevent or aid in the prevention of commission of said wrongful acts and by reasonable diligence could have prevented the aforementioned wrongs, but neglected and/or refused to prevent, or aid in the prevention of commission of said wrongs.

77.     The aforementioned conduct by Pleasanton, PPD, Spiller, and/or DOES 11 through 50 constitutes a violation of Jacob's Fourth and Fourteenth Amendment rights to be free from unjustified, unauthorized and/or excessive force by law enforcement, to be free from unreasonable searches and seizures by law enforcement, and his right not to be deprived of life or liberty without due process of law, in violation of 42 U.S.C. § 1983.  Said violations infringed on Jacob's personal liberty rights.

78.     Plaintiffs bring this claim individually and seek wrongful death and survival damages for the violation of Plaintiffs' rights.

79.     Plaintiffs also seek attorney fees under this claim.

WHEREFORE, Plaintiffs pray for damages against Pleasanton, PPD Spiller and/or DOES 1 through 10, 30 through 50 and each of them, as set forth below.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS, CALIFORNIA CIVIL CODE § 52.1
**(Plaintiffs Against Pleasanton, PPD, Spiller and DOES 1 through 50)**

80.     Plaintiffs hereby reallege and incorporate each and every allegation set forth in paragraphs 1 through 79 as though fully set forth herein.

81.     California Civil Code, section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, or by the use of unconstitutionally excessive force.

82.     Under the Fourth Amendment to the United States Constitution, Jacob had a right to be free from unjustified, unauthorized and/or excessive force by law enforcement and to be free from unreasonable searches and seizures by law enforcement.  Under the Fourteenth Amendment to the United States Constitution, Jacob had a right not to be deprived of life and/or liberty without due process of law including, but not limited to, unreasonable seizures and searches.  Under Article I, Section 13 of the California Constitution, Jacob had a right to be secure in his person, house, papers, and effects against unreasonable seizures and searches.

83.     On or about August 1, 2018, Spiller and/or DOES 11 through 50, restrained Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on him several times without legitimate reason, probable cause, or provocation.  After being

1 │ fully restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on

2 │ his chest several times without legitimate reason or provocation.

3 │       84.    Thereafter, Plaintiffs are informed and believe, and thereon allege, that medical

4 │ first responders arrived on the scene.  Plaintiffs are informed and believe, and thereon allege,

5 │ that Spiller and/or DOES 11 through 50 refused medical access to Jacob to evaluate and treat

6 │ him.  This delay in treatment due to Spiller and DOES 11 through 50's refusal for medical

7 │ access to Jacob contributed to his death.

8 │       85.    Plaintiffs are informed and believe, and thereon allege, at no time was Jacob a

9 │ threat to himself, the police officers, and/or others, and the use of force against Jacob was

10 │ unreasonable, unnecessary, excessive, malicious, and/or for the purpose of inflicting pain on

11 │ Jacob.

12 │       86.    Plaintiffs are informed and believe, and thereon allege, that at no time did

13 │ Jacob attempt to resist arrest or offer violence to Spiller and/or DOES 11 through 50,

14 │ and each of them.

15 │       87.    By the actions and/or inactions described herein, Spiller and/or DOES 1

16 │ through 50, negligently, carelessly, recklessly, intentionally, and/or in any other actionable

17 │ manner, used excessive force on Jacob in violation of his constitutional rights. Spiller and/or

18 │ DOES 1 through 50, while working as police officers for the CITY Police Department, and

19 │ acting within the course and scope of their duties, interfered with or attempted to interfere with

20 │ the rights of DECEDENT to be free from unreasonable searches and seizures, to equal

21 │ protection of the laws, to access to the courts, and to be free from state actions that shock the

22 │ conscience, by threatening or committing acts involving violence, threats, coercion, or

23 │ intimidation. DECEDENT had a mental illness and was a victim of prejudice by PPD, Spiller

24 │ and/or DOES 1 through 50 against mentally ill individuals.

25 │       88.    Plaintiffs allege that by doing the acts described herein above, Spiller and/or

26 │ DOES 11 through 50 misused and took advantage of their force and authority as police

27 │ officers, and/or as agents of a government agency with the intent to intimidate Jacob and cause

28 │ him to be afraid of Spiller and/or DOES 11 through 50.  Said conduct constitutes a violation of

1  Jacob's right under the Fourth Amendment to be free from unjustified, unauthorized and/or

2  excessive force by law enforcement and his right under the Fourth and Fourteenth Amendment

3  and his right under Article I, Section 13 of the California Constitution to be free from

4  unreasonable searches and seizures by law enforcement which infringed on Jacob's personal

5  liberty rights.

6      89.    As a proximate result of the conduct of Spiller and/or DOES 11through 50,

7  Jacob was required to and did employ physicians to examine, treat, and care for him, and did

8  incur medical and incidental expenses.

9      90.    Plaintiffs are entitled to an award of statutory damages and attorneys' fees

10  under California Civil Code Sections 52 and 52.1.

11      91.    Pursuant to Government Code § 815.2, Pleasanton, PPD, Spiller, DOES 1

12  through 50, and each of them are vicariously liable for the conduct of Spiller and/or DOES 11

13  through 50, described above as Spiller and/or DOES 11 through 50 were acting within the

14  course and scope of their employment.

15      92.    The aforementioned acts of Spiller and/or DOES 11 through 50, were done by

16  them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression,

17  and inflicting injury upon Jacob, and in reckless, wanton, and callous disregard of Jacob's

18  safety, security, and civil rights.  By reason thereof, Plaintiffs claim exemplary and punitive

19  damages from said Defendants in an amount according to proof at trial.

20      WHEREFORE, Plaintiffs pray for damages against Pleasanton, PPD, Spiller,

21  and/or DOES 1 through 50, and each of them, as set forth below.

22                          **EIGHTH CAUSE OF ACTION**
                    **NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING**
23           **(Plaintiffs Against Defendants Pleasanton, PPD, Spiller, DOES 1 through 50)**

24      93.    Plaintiffs hereby reallege and incorporate each and every allegation set forth in

25  paragraphs 1 through 92 as though fully set forth herein.

26      94.    Plaintiffs are informed and believe, and thereon allege, Pleasanton, PPD,

27  Spiller,  DOES 1 through 50, and each of them, owed the public in general, and Jacob in

28  particular, a duty to use reasonable and due care in carefully selecting, retaining, and

1   supervising their agents and/or servants and/or employees, including Spiller and/or DOES 11

2   through 50, and owed Jacob a duty to continuously review and evaluate the competency and

3   fitness of their agents and/or servants and/or employees, and to insure that their agents and/or

4   servants and/or employees are fit and competent for the tasks for which they were hired.

5       95.     Plaintiffs are informed and believe, and thereon allege, that prior to the events

6   described herein above, Pleasanton, PPD, Spiller and DOES 11 through 50, and each of them,

7   had actual and/or constructive notice of the propensities of Spiller and/or DOES 11 through

8   50, to commit the above described acts and to abuse their position and authority, and failed to

9   take reasonable steps to prevent the same, in complete disregard of the rights and safety of the

10  public in general and of Jacob in particular.                                    .

11      96.     Plaintiffs are informed and believe, and thereon allege, that by hiring and

12  employing Spiller and/or DOES 11 through 50, to a position of trust and special authority with

13  the public, Pleasanton, PPD, Spiller and/or DOES 1 through 50, and each of them, held Spiller

14  and/or DOES 11 through 50 out to the public in general and to Jacob in particular, as

15  competent and trustworthy.

16      97.     Plaintiffs are further informed and believe, and thereon allege, that Spiller

17  and/or DOES 1 through 50, and each of them, had a duty to supervise their staff, agents, and

18  employees, including Spiller and/or DOES 11 through 50, because it placed them in a unique

19  position of trust, confidence, and authority, under which the public in general, and Jacob in

20  particular, supposed himself to be safe from excessive and unreasonable seizures.

21      98.     Plaintiffs are informed and believe, and thereon allege, that Pleasanton, PPD,

22  Spiller, DOES 1 through 10, and each of them, negligently and/or carelessly, and/or recklessly,

23  and/or in any other actionable manner, failed to properly ensure the character, quality, ability,

24  fitness and competence of their servants, agents, and employees, including Spiller and DOES

25  11 through 50.

26      99.     Plaintiffs are further informed and believe, and thereon allege, that Pleasanton,

27  PPD, Spiller, DOES 1 through 50, and each of them, failed to monitor and supervise their

28  agents, servants, and employees, including Spiller and/or DOES 11 through 50 in order to

1  reasonably insure that the public in general, and Plaintiffs in particular, would be protected

2  from wrongful conduct and from excessive force and unreasonable searches.

3      100.    Plaintiffs are informed and believe, and thereon allege, that Pleasanton, PPD,

4  Spiller, DOES 1 through 50, and each of them, did nothing to stop Spiller and/or DOES 11

5  through 50, from using excessive force, conducting unreasonable searches, doing wrongful

6  conduct, and failing to provide medical treatment when needed, even after they knew, or

7  should have known, of Spiller and/or DOES 11 through 50's deviant propensities.

8      101.    Pleasanton, PPD, Spiller, DOES 1 through 50, and each of them, negligently

9  and carelessly hired, employed, retained, trained, supervised, assigned, controlled, and

10 negligently and carelessly failed to adequately discipline Spiller and/or DOES 11 through 50,

11 even though Pleasanton, PPD, Spiller and/or DOES 1 through 50, and each of them, knew, or

12 in the exercise of reasonable diligence should have known, that all said Defendants had a

13 propensity for using unnecessary, unreasonable, excessive force and searches and doing

14 wrongful conduct, and were otherwise vicious and unfit to be given the responsibilities of

15 police officers and/or agents of a government agency.  Nevertheless, Pleasanton, PPD, Spiller,

16 DOES 1 through  50, , and each of them, negligently, carelessly, recklessly, and/or with a

17 reckless disregard for the public safety, including Jacob, employed and supervised said

18 Defendants, and assigned said Defendants to duties which enabled each of them to use

19 unreasonable, unnecessary and excessive force, conduct unreasonable searches, failure to

20 provide medical care when needed, and/or to do wrongful conduct, proximately causing severe

21 injuries to Plaintiffs.

22     102.    As a proximate result of the conduct of Spiller and/or DOES 11 through 50,

23 Jacob was required to and did employ physicians to examine, treat, and care for him, and did

24 incur medical and incidental expenses.

25     103.    On August 1, 2018, after the foregoing cause of action arose in his favor,

26 Jacob, who would have been the plaintiff in this action if he had lived, died.

27     WHEREFORE, Plaintiffs pray for damages against Defendants, and each of them, as

28 set forth below.

COMPLAINT                                    19                                    CASE NO.

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Plaintiffs Against Pleasanton, PPD, Spiller and DOES 1 through 50)**

104.   Plaintiffs hereby reallege and incorporate each and every allegation set forth in paragraphs 1 through 103 as though fully set forth herein.

105.   On or about August 1, 2018, Spiller and/or DOES 11 through 50, restrained Jacob's hands and legs, placed a spit mask over his mouth, and used a stun gun and taser on him several times without legitimate reason, probable cause, or provocation.  After being fully restrained, Spiller and/or DOES 11 through 50 hit Jacob with a baton and stomped on his chest several times without legitimate reason or provocation.

106.   Thereafter, Plaintiffs are informed and believe, and thereon allege, that medical first responders arrived on the scene.  Plaintiffs are informed and believe, and thereon allege, that Spiller and/or DOES 11 through 50 refused medical access to Jacob to evaluate and treat him.  This delay in treatment due to Spiller and DOES 11 through 50's refusal for medical to access to Jacob contributed to his death.

107.   Plaintiffs are informed and believe, and thereon allege, at no time was Jacob a threat to himself, the police officers, and/or others, and the use of force against Jacob was unreasonable, unnecessary, excessive, malicious, and/or for the purpose of inflicting pain on Jacob.

108.   Plaintiffs are informed and believe, and thereon allege, that at no time did Jacob attempt to resist arrest or offer violence to Spiller and/or DOES 11 through 50, and each of them.

109.   The conduct of Spiller and/or DOES 11 through 50 as described above was outrageous, and done with the intent of causing, or reckless disregard to the probability of causing, severe emotional distress.  Plaintiffs are informed and believe said conduct did actually cause Jacob to suffer severe emotional distress.

110.   Plaintiffs allege that by doing the acts described herein above, Spiller and/or DOES 11 through 50 misused and took advantage of their force and authority as police officers, sheriffs, and/or as agents of a government agency.  Plaintiffs further allege that said

1  Defendants were only able to approach, detain, imprison, and use excessive force on Jacob,

2  due to the force and authority of the positions they held.

3       111.    Pursuant to Government Code § 815.2, Pleasanton, PPD, Spiller, and DOES 1

4  through 50, and each of them are vicariously liable for the conduct of Spiller, and/or DOES 11

5  through 50, described above as Spiller and/or DOES 11 through 50 were acting within the

6  course and scope of their employment.

7       112.    As a proximate result of the aforementioned acts of Spiller and/or

8  DOES 11 through 50, Plaintiffs are informed and believe Jacob suffered humiliation, mental

9  anguish, and severe emotional and physical distress, and was injured in mind and body all to

10  Jacob's damage.

11       113.    The aforementioned acts of Spiller and/or DOES 11 through 50 were

12  done by them knowingly, intentionally, and maliciously, for the purpose of harassment,

13  oppression, and inflicting injury upon Jacob, and in reckless, wanton, and callous disregard of

14  Jacob's safety, security, and Civil Rights.  By reason thereof, Plaintiffs claim exemplary and

15  punitive damages from said Defendants in an amount according to proof at trial.

16       114.    On August 1, 2018, after the foregoing cause of action arose in his favor,

17  Jacob, who would have been the plaintiff in this action if he had lived, died.

18       WHEREFORE, Plaintiffs pray for damages against Pleasanton, PPD, Spiller, and

19  DOES 1 through 50, and each of them, as set forth below.

20                          **PRAYER FOR RELIEF**

21  Wherefore Plaintiffs pray for damages as follows:

22       1.    For special damages;

23       2.    For general damages;

24       3.    For punitive damages against Spiller and DOES 11 through 50 according to

25  proof;

26       4.    For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. section

27  1988 and other relevant statutes, including a contingency fee enhancement beyond the

28  lodestar;

5.      For prejudgment interest at the legal rate; and

6.      For such other and further relief as the Court deems appropriate.

DATE:  June 19, 2019                   GWILLIAM IVARY CHIOSSO CAVALLI & BREWER

J. Gary Gwilliam
Jayme L. Walker
Attorneys for Plaintiffs
JOHN AND ROSE BAUER