NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
CITY OF PLEASANTON; BRADLEE MIDDLETON;
JONATHAN CHIN; RICHARD TROVAO; STEVEN
BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY
BILLDT; and DAVE SPILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PLEASANTON; BRADLEE MIDDLETON; JONATHAN CHIN; RICHARD TROVAO; STEVEN BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY BILLDT; DAVE SPILLER; and DOES 1 to 90 INCLUSIVE,<br><br>Defendants. | Case No. C19-04593 LB<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants CITY OF PLEASANTON, FORMER CITY OF PLEASANTON POLICE CHIEF DAVID SPILLER, PLEASANTON POLICE OFFICERS BRADLEE MIDDLETON, JONATHAN CHIN, RICHARD TROVAO, STEVEN BENNETT, ALEX KOUMISS, JASON KNIGHT and MARTY BILLDT ("Defendants") respond as follows to Plaintiffs' JACOB BAUER, deceased, through his Co-Successors in Interest, JOHN BAUER, individually and as successor in interest for JACOB BAUER, deceased, and ROSE BAUER as successor in interest for JACOB BAUER, deceased, Second Amended Complaint for Damages ("SAC"). Defendants demand a jury trial in this action. In general, the Court's Order (ECF 47) affects and limited some of the claims and/or parties in this action.

## INTRODUCTORY STATEMENT

Defendants neither admit nor deny the allegations in the "INTRODUCTORY STATEMENT" section of Plaintiffs' Second Amended Complaint because it includes contentions and legal matters not proper for admission or denial.

## PARTIES

1. Defendants neither admit nor deny the allegations in Paragraph 1 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

2. Defendants neither admit nor deny the allegations in Paragraph 2 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

3. Defendants neither admit nor deny the allegations in Paragraph 3 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

4. Defendants admit that the City of Pleasanton is a municipal and/or public entity existing under the laws of the State of California as alleged in Paragraph 4. Defendants neither admit nor deny the remaining allegations in Paragraph 4 because it includes contentions and legal matters not proper for admission or denial.

5. Defendants admit that Defendant JONATHAN CHIN was employed as a police officer

for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 5. Defendants neither admit nor deny the remaining allegations in Paragraph 5 because it includes contentions and legal matters not proper for admission or denial.

6. Defendants admit that Defendant BRADLEE MIDDLETON was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 6. Defendants neither admit nor deny the remaining allegations in Paragraph 6 because it includes contentions and legal matters not proper for admission or denial.

7. Defendants admit that Defendant RICHARD TROVAO was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 7. Defendants neither admit nor deny the remaining allegations in Paragraph 7 because it includes contentions and legal matters not proper for admission or denial.

8. Defendants admit that Defendant STEVEN BENNETT was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 8. Defendants neither admit nor deny the remaining allegations in Paragraph 8 because it includes contentions and legal matters not proper for admission or denial.

9. Defendants admit that Defendant ALEX KOUMISS was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 9. Defendants neither admit nor deny the remaining allegations in Paragraph 9 because it includes contentions and legal matters not proper for admission or denial.

10. Defendants admit that Defendant MARTY BILLDT was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph

10. Defendants neither admit nor deny the remaining allegations in Paragraph 10 because it includes contentions and legal matters not proper for admission or denial.

11. Defendants admit that Defendant JASON KNIGHT was employed as a police officer for the City of Pleasanton and was acting in the course and scope of that employment, as of August 1, 2018, at the time he came into contact with Decedent, as alleged in Paragraph 11. Defendants neither admit nor deny the remaining allegations in Paragraph 11 because it includes contentions and legal matters not proper for admission or denial.

12. Defendants admit that DAVID SPILLER was (he is now retired) the Chief of Police for the City of Pleasanton, and was in that position as of August 1, 2018, as alleged in Paragraph 12. Defendants neither admit nor deny the remaining allegations in Paragraph 12 because it includes contentions and legal matters not proper for admission or denial.

13. Defendants admit that DAVID SPILLER was (he is now retired) the Chief of Police for the City of Pleasanton, and was in that position as of August 1, 2018, as alleged in Paragraph 13. Defendants neither admit nor deny the remaining allegations in Paragraph 13 because it includes contentions and legal matters not proper for admission or denial.

14. Defendants neither admit nor deny the allegations in Paragraph 14 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

15. Defendants admit that DAVID SPILLER was (he is now retired) the Chief of Police for the City of Pleasanton, and was in that position as of August 1, 2018, as alleged in Paragraph 15. Defendants neither admit nor deny the remaining allegations in Paragraph 15 because it includes contentions and legal matters not proper for admission or denial.

16. Defendants neither admit nor deny the allegations in Paragraph 16 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

## **CONDITIONS PRECEDENT**

17. Defendants admit that Plaintiffs submitted a timely government tort claim to the City, as alleged in Paragraph 17. Defendants neither admit nor deny the remaining allegations in

Paragraph 17 because it includes contentions and legal matters not proper for admission or denial.

## JURISDICTION AND VENUE

18. Defendants neither admit nor deny the allegations in Paragraph 18 because it includes contentions and legal matters not proper for admission or denial.

19. Defendants neither admit nor deny the allegations in Paragraph 19 because it includes contentions and legal matters not proper for admission or denial. However, Defendants admit that venue in U.S.D.C., in the Northern District of California, San Francisco Branch, is proper as the subject incident occurred in Pleasanton, California, within the County of Alameda, which is within the venue of the Northern District of California, as alleged in Paragraph 19.

## DEMAND FOR JURY TRIAL

20. Defendants neither admit nor deny the allegations in Paragraph 20 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions. Defendants also herein demand a jury trial in this matter.

## GENERAL ALLEGATIONS

21. In answering the allegations in Paragraphs 21 through 43, Defendants respond as follows: On August 1, 2018, at around 2:42 p.m., Pleasanton Police Department ("PPD") Dispatch received a call from the manager of Raley's supermarket located at 5420 Sunol Blvd., in Pleasanton, California, reporting that a male subject inside the store was causing a disturbance. The manager relayed to dispatch that the subject was "acting deranged," and had picked up a shopping cart, slammed it on the ground and began ranting to himself. The manager advised that he and other staff had asked the man to leave the store, but the man had refused. The manager wanted to prosecute the man, later determined to be Decedent, for his actions in the store.

22. Officers Middleton and Chin responded to the location and made contact with Decedent. When Ofc. Middleton asked what happened inside Raley's, Decedent responded,

ANSWER TO SECOND AMENDED COMPLAINT, C19-04593 LB

4

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

"Nothing." When Ofc. Middleton asked Decedent for his identification, Decedent said he had left it at home. Ofc. Middleton asked Decedent if he had anything illegal on him and Decedent did not respond, but stared straight ahead. The question was repeated and again Decedent failed to respond and continued staring straight ahead, avoiding eye contact with Ofc. Middleton. Decedent had this bizarre staring type demeanor for numerous seconds where he went still and quiet. Due to the facts relayed to him by the Raley's staff regarding Decedent's in-store vandalism and the Decedent's lack of cooperation, Ofc. Middleton made the decision to detain the Decedent at that time. Ofc. Middleton indicated to Ofc. Chin that he was going to detain Decedent and then check him for weapons for officer safety purposes.

23. Instead of submitting to the detention, Decedent violently resisted the officers' efforts and defied their repeated commands. Officers Chin and Middleton were unable to control Decedent and had to call for emergency response back up. Eventually, multiple officers arrived and a variety of non-lethal force options were used to overcome Decedent's violent resistance. Officers used less lethal force options to try to control Decedent and get him into custody, including an Electronic Control Device (Taser), batons, physical force and body weapons. After a prolonged struggle, Decedent was finally handcuffed.

24. After the Decedent was placed in handcuffs, he was placed in leg restraints (a Wrap) and a spit mask was placed over his head. During this time, Decedent was alive and breathing and indeed, he continued yelling bizarre comments over and over again while being put in the Wrap and while sitting up in the Wrap. At some point, medical staff arrived on the scene and rendered evaluation and/or treatment to Decedent, including providing a sedative. When medical personnel prepared to transport Decedent to the hospital, they discovered Decedent was non-responsive and suffering from a medical emergency. Emergency medical efforts were attempted in the ambulance and then Decedent was transported to Stanford Valley Care and was pronounced dead at 4:15 p.m. at the hospital.

25. Decedent was a large and obese man at the time of this incident, he was 5'9" tall and weighed 274 pounds. He was found at autopsy to be morbidly obese, with a body-mass

1  index of 40.5. Decedent did not suffer any fractures, nor any significant face, head or
2  neck injuries, nor any significant injuries to any of his organs. Toxicology testing was
3  performed, finding methamphetamine and amphetamine in Decedent's system (0.42 mg/L
4  methamphetamine and 0.04 mg/L amphetamine) (but no alcohol or other drugs). Per the
5  toxicology report, a methamphetamine level within 0.2-0.5 mg/L could be "potentially
6  toxic." This was a high level of methamphetamine. Ultimately, the coroner found the
7  Cause of Death to be "Acute Methamphetamine Toxicity," with other conditions found,
8  including probable mechanical asphyxia while being placed in a restraint device by police,
9  cardiac hypertrophy and morbid obesity, though they did not form the cause of Decedent's
10 death..

26. This incident was exhaustively investigated by the Alameda County District Attorney's Office ("ACDAO"). Overall, the ACDAO determined that no criminal charges would be brought against any PPD officer in relation to their contact with Decedent in this incident. The ACDAO found that officers used objectively reasonable force to overcome Decedent's intense resistance to their lawful attempt to detain him. In addition, the ACDAO did not find any evidence that the officers were criminally negligent.

27. Defendants deny the remaining allegations, contentions, citations and other reference in Paragraphs 21 through 43.

### FIRST CAUSE OF ACTION

### WRONGFUL DEATH OF JACOB CAUSED BY BATTERY

**(Against Defendants Pleasanton, Chin, Middleton, Trovao, Bennett, and Koumiss)**

28. In answering Paragraph 44 through 48, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

29. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 44 through 48 of Plaintiffs' Second Amended Complaint.

### SECOND CAUSE OF ACTION

### WRONGFUL DEATH CAUSED BY NEGLIGENCE

**(Against All Defendants)**

30. In answering Paragraph 49 through 59, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint as well as Judge Beeler's Order Granting in Part Defendants' Motion to Dismiss Second Amended Complaint (ECF 47).

31. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 49 through 59 of Plaintiffs' Second Amended Complaint.

## THIRD CAUSE OF ACTION

## WRONGFUL DEATH CAUSED BY EXCESSIVE FORCE IN VIOLATION OF CIVIL RIGHTS

## 42 U.S.C. §§ 1983, 1988

**(Against Defendants Chin, Middleton, Trovao, Bennett, and Koumiss)**

32. In answering Paragraph 60 through 71, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

33. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 60 through 71 of Plaintiffs' Second Amended Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS

**Supervisory Liability**

## 42 U.S.C. §§ 1983, 1988

**(Against Defendants Billdt and Knight)**

34. In answering Paragraph 72 through 79, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

35. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 72 through 79 of Plaintiffs' Second Amended Complaint.

## FIFTH CAUSE OF ACTION

## UNREASONABLE SEARCH AND SEIZURE

**Denial of Medical Care**

## 42 U.S.C. § 1983

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1. **(Against Defendants Chin, Middleton, Koumiss, Bennett, Trovao, Billdt, and Knight)**

36. In answering Paragraph 80 through 87, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

37. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 80 through 87 of Plaintiffs' Second Amended Complaint.

## SIXTH CAUSE OF ACTION

## SUBSTANTIVE DUE PROCESS

### 42 U.S.C. § 1983

**(Against Defendants Chin, Middleton, Koumiss, Bennett, and Trovao, Billdt and Knight)**

38. In answering Paragraph 88 through 97, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

39. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 88 through 97 of Plaintiffs' Second Amended Complaint.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS FOR UNCONSTITUTIONAL CUSTOM OR POLICY

### 42 U.S.C. §§ 1983, 1988

**(Against Defendants Pleasanton, Spiller, DOES 1 through 10, and DOES 30 through 50)**

40. In answering Paragraph 98 through 106, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

41. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 98 through 106 of Plaintiffs' Second Amended Complaint.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS

### California Civil Code § 52.1

**(Against Defendants Pleasanton, Chin, Middleton, Koumiss, Bennett, Trovao, Billdt, and Knight)**

42. In answering Paragraph 107 through 115, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint.

43. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 107 through 115 of Plaintiffs' Second Amended Complaint.

## NINTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS

## 42 U.S.C. § 12101 *et seq.*

### (Against Defendants Chin, Middleton, Spiller and Pleasanton)

44. In answering Paragraph 116 through 122, Defendants incorporate by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Second Amended Complaint as well as Judge Beeler's Order Granting in Part Defendants' Motion to Dismiss Second Amended Complaint (ECF 47).

45. Except as to the matters previously admitted, Defendants deny the remaining allegations in Paragraphs 116 through 122 of Plaintiffs' Second Amended Complaint.

## PRAYER FOR RELIEF

46. Defendants neither admit nor deny the allegations in the "Prayer for Relief" portion of the Second Amended Complaint, which includes six paragraphs, as they include contentions and legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' Second Amended Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiffs' Second Amended Complaint, Plaintiffs and/or Decedent failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs and/or Decedent could have been mitigated by due diligence on their part and/or Decedent's part or by one acting under similar circumstances. Plaintiffs and/or Decedent's failure to mitigate is a bar or limit to their recovery under their Second Amended Complaint.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs and/or Decedent was the negligence and fault of the Decedent and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Decedent and/or others in and about the matters alleged in the Second Amended Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Decedent or others requires that any damages awarded to Plaintiffs and/or Decedent shall be diminished in proportion to the amount of fault attached to the Plaintiffs, Decedent and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs and/or Decedent as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein

pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, all actions taken by the Defendants (and/or any other officers named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

10. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants (and/or any other officers named herein at any time), was/were based upon the officers' reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Decedent, and the Defendants used reasonable force to effect the detention and/or arrest to prevent the escape and overcome the resistance of the Decedent, and for the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiffs alleges or asserts matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiffs, if committed by the Defendants, were consented to by Decedent and/or Plaintiffs.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

ANSWER TO SECOND AMENDED COMPLAINT, C19-04593 LB

11

allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest of Decedent.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs, some or all, have no standing to bring this civil action and/or some of the claims alleged in this action.

18. AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19. AS FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the Second Amended Complaint.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Decedent, himself, was violent, combative, threatening, and/or resistive towards the Defendant officers and the Defendant officers, acted lawfully and/or in self-defense in relation to any claimed use of force.

21. AS AND FOR AN TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and other sources of information, in taking the action against Decedent, making their conduct reasonable and lawful under the circumstances.

22. AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

23. AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there are no lawful grounds for declaratory and/or injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their Second Amended Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: July 7, 2020　　　　　　　　　　MCNAMARA, NEY, BEATTY, SLATTERY,
　　　　　　　　　　　　　　　　　　　　BORGES & AMBACHER LLP


By: ___/s/ Blechman, Noah G._____
　　　Noah G. Blechman
　　　Attorneys for Defendants
　　　CITY OF PLEASANTON; BRADLEE MIDDLETON;
　　　JONATHAN CHIN; RICHARD TROVAO; STEVEN
　　　BENNETT; ALEX KOUMISS; JASON KNIGHT;
　　　MARTY BILLDT; and DAVE SPILLER

ANSWER TO SECOND AMENDED　　　　　　13
COMPLAINT, C19-04593 LB