NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF PLEASANTON; BRADLEE MIDDLETON;
JONATHAN CHIN; RICHARD TROVAO; STEVEN
BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY
BILLDT; and DAVE SPILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PLEASANTON; CITY OF PLEASANTON; BRADLEE MIDDLETON; JONATHAN CHIN; RICHARD TROVAO; STEVEN BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY BILLDT; and DAVE SPILLER; and DOES 1 to 90 INCLUSIVE,<br><br>Defendant. | Case No. C19-04593 LB<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 8, 2021<br>Time: 9:30 a.m.<br>Dept: Floor 15, Ctrm. B (S.F.)<br>Judge: Hon. Laurel Beeler<br>Trial Date: July 19, 2021 |

*Sidebar (vertical text):* McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Defendants' Motion for Partial Summary Judgment/Partial Summary Judgment came before this Court.  Good cause having been shown, and after full consideration of the moving papers, supporting documents, and any opposition and opposing arguments, any reply brief, as well as any oral arguments, the Court finds that the Defendants' Motion for Summary Judgment is hereby GRANTED in full.

As set forth in Defendants' Motion, summary judgment is properly granted when no genuine issues of material fact remain, and when viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  FRCP 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiffs allege that JB was unlawfully seized by the Defendant Officers.  The undisputed record shows that JB was acting bizarre, then refused to answer critical questions and stared blankly ahead.  It cannot be reasonably disputed that Ofc. Middleton and Ofc. Chin had the <u>lawful right to detain JB</u> for their investigation of events at Raley's and then the <u>lawful right to handcuff JB</u> for officer safety purposes before continuing their investigation.

The Ninth Circuit has held that "while there are no bright-line rules, . . . the use of especially intrusive means of affecting a stop" is only allowed in "special circumstances, such as . . . <u>where the suspect is uncooperative or takes action at the scene that raises a reasonable possibility of danger or flight</u>." *Green v. City and County of San Francisco*, 751 F.3d 1039, 1047 (9th Cir. 2014) (citing *Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996)) (emphasis added).  Further, in determining whether the use of handcuffs was reasonable, courts evaluate whether the use of handcuffs was reasonable under all the totality of the circumstances and look to whether officers reasonably believed an individual was likely to flee or presented a danger to the officers. *Bautista*, 684 F.2d at 1289; *In re Antonio B*., 166 Cal. App. 4th 435, 441, 82 Cal.

Rptr. 3d 693 (2008).  Here, Chin and Middleton had reasonable suspicion to detain JB due to JB's actions inside of Raley's and the fact that the store wanted to press charges for the vandalism. Further, JB's sudden refusal to answer questions pertaining to whether or not he had anything illegal on him and then his bizarre staring behavior posed a credible threat to officer safety and created a fear that JB may be armed or may attempt to flee or fight, thus creating a need to place JB in handcuffs before safely continuing the investigation.  Thus, Defendants are entitled to judgment as a matter of law as to this lawful seizure in handcuffs.

Where numerous officers are involved at different times in the struggle, it should be emphasized that an officer is only liable for his own misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  The Ninth Circuit has rejected the "team effort" standard that allows a jury to consider defendants" conduct together; the proper measure is "to base each individual's liability on his own conduct."  *Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).  Here, each Defendant Officer dealt with JB's aggression and relentless physical resistance independently and at different times.  Thus, on summary judgment and for qualified immunity, each officer should be judged individually based on their own personal involvement and their basis of knowledge as to when they were involved in the struggle and how they reacted to the dynamic situation.  In viewing this situation from the perspective of a reasonable officer, in the shoes of Officers Middleton and Chin, facing the potential threat posed by JB, the use of force by the officers was objectively reasonable, very measured and used with restraint. Ofc. Trovao used limited, reasonable force against JB, with  a clear legitimate law enforcement interest of gaining control of the resistive JB and to do so quickly.  Thus, because the evidence clearly establishes that the Defendant officers used reasonable force, Plaintiffs excessive force claim fails as a matter of law.

"Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676.  Under 42 U.S.C. §

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1983, a supervisor may be held liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Starr*, 652 F.3d at 1207-08.  Here, Plaintiffs allege that Sergeants Knight and Billdt arrived on scene and "failed to do anything to stop the excessive force of their subordinates."  ECF 36, ¶ 29.  First of all, the clear evidence shows that the Defendant Officers did not violate any of JB's constitutional rights, and as such, Sergeants Billdt and Knight cannot be held liable for conduct that is lawful and/or for conduct that is protected by qualified immunity.

The Fourteenth Amendment guarantees a substantive due process right to familial relationships.  *Lee v. City of Los Angeles,* 250 F.3rd 668, 685 (9th Cir. 2001).  In order for Plaintiffs to prevail on their Fourteenth Amendment familial relationship claim, they must show the officers acted "with a purpose to harm" JB that was "unrelated to legitimate law enforcement objectives."  *Johnson v. Bay Area Rapid Transit Dist.,* 724 F.3d 1159, 1168-69 (9th Cir. 2013) (citing *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)).

Here, as established above, officers had reasonable suspicion to detain and handcuff JB for their investigation.  Detaining a non-compliant, non-responsive suspect, who has not been searched for weapons, is clearly a legitimate law enforcement purpose.  At the time JB began violently resisting and struggling with Officers Middleton and Chin, he had not been searched, meaning it was clear if he was armed with any weapon.  At the time of the struggle, officers acted with the purpose to protect members of public (as aptly stated by the Raley's employee who

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

expressed concern for the safety of anyone who came in contact with JB), and to protect themselves against JB's destructive behavior and unrelenting resistance. Further, Plaintiffs cannot demonstrate that any of the officers' or supervisors' actions lacked a legitimate law enforcement purpose as no officers or supervisors acted with personal animus towards JB, nor did any officers or supervisors use unnecessary force once JB was finally detained, nor was JB "clearly harmless" or "subdued" throughout anytime in which force was being used. The clear and undisputed evidence demonstrates that officers used reasonable levels of force to achieve a legitimate law enforcement purpose, to get JB into lawful custody and thus, the Plaintiffs Fourteenth Amendment claim fails.

The Fourth Amendment requires law enforcement officers to "provide objectively reasonable post-arrest care to an apprehended suspect." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). Although the Ninth Circuit has not expressly defined what constitutes objectively reasonable post-arrest care to a suspect, the Ninth Circuit has required that officers "seek necessary medical attention by promptly summoning help or taking the injured arrestee to the hospital." *Tatum*, 441 F.3d at 1099. In *Tatum*, the court held that "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment." *Tatum*, 441 F.3d at 1098-99 (citing *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986)). Here, officers requested medical personnel to arrive and stage near the scene <u>before JB was even placed in handcuffs</u>. Once JB was handcuffed, and officers were placing him in the Wrap device, and the scene was secured, officers promptly summoned medical personnel (including paramedics and fire personnel) to come on to the scene to evaluate JB.

As a threshold matter, liability of a municipality is contingent on a violation of a constitutional right, meaning without an underlying constitutional violation, there can be no

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

municipal liability.  *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994*); Long v. City and County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007).  As discussed above, there is no basis upon which Plaintiffs can demonstrate a violation of the Fourth or Fourteenth Amendments by any officers or supervisory officers.  Thus, without an underlying violation, there can be no municipal liability.  *Scott*, 39 F.3d at 916.

Plaintiffs have not set forth evidence establishing that officers used unreasonable force while supervisory officers stood by and "did nothing" during the struggle with JB.  As such, Plaintiffs' state law claims for the Bane Act, negligence, and battery, fail.

When a plaintiff "asserts no California right different from the rights guaranteed under the Fourth Amendment, . . . the elements of the excessive force claim under § 52.1 are the same as under § 1983."  *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).  In order to be liable for a Bane Act violation, the jury must find that the defendant(s) intended not only the force, but also the force's unreasonableness, meaning its character as more than necessary under the circumstances.  *Id*.  Here, Plaintiffs' Eighth Cause of Action for violation of California Civil Code § 52.1 "is premised entirely on the alleged violation of the Fourth Amendment." *Id;* ECF 36 ¶¶ 107-115.  Because Plaintiffs' Fourth Amendment claim fails, "so too does their § 52.1 claim." *Montez,* 2017 U.S. Dist. LEXIS at 16.  Additionally, Plaintiffs have no evidence of any "intent" by any officer to use force in an intentionally unreasonable fashion.

In terms of Plaintiffs' battery claim "it is clear that a battery claim against a police officer requires that unreasonable force be established."  *Nelson v. City of Davis*, 709 F. Supp. 2d 978, 992 (E.D. Cal. 2010).  Because the undisputed facts in this case establish that the officers and supervisory officers acted reasonably, Plaintiffs cannot prove their state law battery claim.

Similarly, as for Plaintiffs' negligence claim**,** "[i]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629, 160 (2013).  As "long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence." *Brown v. Ransweiler,* 171 Cal. App. 4th 516, 537-538 (2009).  As established above, the officers' conduct was reasonable "under the circumstances" the officers faced. Similarly, the supervisory officer, Sergeants Billdt and Knight, supervised their officers and the scene in a reasonable manner that in no way fell below the standard of care required by law. Thus, Plaintiffs cannot demonstrate any of their state law claims so Defendants, both officers and supervisory officers, are entitled to judgment as a matter of law as to that claim as well, along with the City of Pleasanton.

Accordingly, Defendants are entitled to summary judgment on all claims and judgment must be entered in favor of Defendants.

Defendants' Motion for Summary Judgment is hereby GRANTED in full.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Laurel Beeler
Magistrate Judge

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330