EXHIBIT N

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

______________

| | |
|---|---|
| JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased, | Case No. 3:19-cv-04593-LB |
| Plaintiffs, | |
| vs. | |
| CITY OF PLEASANTON, BRADLEE MIDDLETON; JONATHAN CHIN; RICHARD TROVAO; STEVEN BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY BILLDT; DAVID SPILLER; and DOES 1 to 50, inclusive; | |
| Defendants. | |

REMOTE VIDEOTAPED DEPOSITION
OF
BENJAMIN JOSEPH SARASUA, JR.
Monday, January 25, 2021
Pleasanton, California

Reported by: B. Suzanne Hull, CSR No. 13495

APPEARANCES

For Plaintiffs: Gwilliam Ivary, et al.
By MR. GARY J. GWILLIAM
Attorney at Law
1999 Harrison Street
Suite 1600
Oakland, California 94612
(510) 832-5411
ggwilliam@giccb.com

For Defendants: McNamara, Ney, Dodge, Beatty, Slattery & Ambacher
By MR. NOAH G. BLECHMAN
Attorney at Law
3480 Buskirk Avenue
Suite 250
Pleasant Hill, California 94523
(925) 939-5330
noah.blechman@mcnamaralaw.com

The Videographer: Jeff Nichols
Also Present: Brittany Smith
Rodolfo Granados

Page 2

Aiken Welch, A Veritext Company
510-451-1580

# I N D E X

| EXAMINATION BY | PAGE |
|---|---|
| MR. GWILLIAM | 6 |

# E X H I B I T S

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 34 - | Interview with Sergeant Sarasua, thirty-seven pages | 28 |
| Exhibit 35 - | Sergeant Benjamin Sarasua, Jr., body cam video, August 1, 2018 | 52 |

QUESTIONS INSTRUCTED NOT TO ANSWER:

Page 13 Line 3

ATTACHMENT

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 12 - | Pleasanton Police Department Use of force policy, twenty-five pages [Previously marked in the deposition of Bradlee Middleton, September 2, 2020] | 89 |

Pleasanton, California

Monday, January 25, 2021; 10:05 a.m.

4833 Bernal Avenue

THE VIDEOGRAPHER: Good morning. 10:05:40

We are going on the record at 10:05 a.m. on January 25th, 2021. 10:05:40 10:05:44

This is media unit one of the video-recorded deposition of Benjamin Sarasua, Jr., taken by counsel for plaintiffs in the matter of John Bauer, et al., versus City of Pleasanton, et al., filed in the United States District Court, Northern District of California, San Francisco Division. The case number is 3:19-cv-04593-LB. 10:05:46 10:05:50 10:05:54 10:05:59 10:06:01 10:06:05 10:06:06

This deposition is being held virtually via Zoom. 10:06:07 10:06:17

My name is Jeff Nichols, from the firm Veritext Legal Solutions, and I'm the videographer. The court reporter is Suzanne Hull, from the firm Veritext Legal Solutions. 10:06:18 10:06:21 10:06:22 10:06:25

Counsel and all others in the room will now state their appearances and affiliations for the record. 10:06:26 10:06:30 10:06:34

MR. GWILLIAM: Yes. 10:06:34

I'm Gary Gwilliam, the attorney for the 10:06:35

plaintiffs and the opposing lawyer. 10:06:36

MR. BLECHMAN: And Noah Blechman, counsel on behalf of the defendant. 10:06:41 10:06:44

And also present for this is Officer Rudy Granados. 10:06:45 10:06:48

THE VIDEOGRAPHER: Will the court reporter please swear in the witness. 10:06:50 10:06:52

THE REPORTER: Raise your right hand, please. 10:06:54 10:06:56

10:06:56

BENJAMIN JOSEPH SARASUA, JR., 10:06:56

called as a witness by counsel for Plaintiffs, being first duly sworn, testified as follows: 10:06:56 10:06:56

10:07:01

THE WITNESS: Yes, ma'am. 10:07:02

THE REPORTER: Thank you. 10:07:03

THE VIDEOGRAPHER: Thank you. 10:07:04

You may proceed. 10:07:05

10:07:05

EXAMINATION 10:07:07

BY MR. GWILLIAM: 10:07:07

Q. Sergeant Sarasua, would you please state your full name and address for the record -- business address. 10:07:09 10:07:10 10:07:14

A. Benjamin Joseph Sarasua, Jr., and the 10:07:15

Q. All right. 10:47:03
MR. BLECHMAN: Belated objection as argumentative. 10:47:03 10:47:04
BY MR. GWILLIAM: 10:47:04
Q. And -- and in reviewing this part of your statement, would you -- does that refresh your recollection that one of your initial impressions of Mr. Bauer is that he might be having some sort of mental illness? 10:47:05 10:47:07 10:47:10 10:47:12 10:47:15
MR. BLECHMAN: Well, I think that misrepresents this portion of the transcript. 10:47:18 10:47:19
You can respond. 10:47:22
THE WITNESS: I'm sorry. 10:47:26
Can you repeat that question one more time, sir? 10:47:26 10:47:29
BY MR. GWILLIAM: 10:47:29
Q. Yeah. 10:47:29
In reviewing your statement about this, does it refresh your recollection that you think that one of the first impressions you had of Jacob Bauer there at the scene is that he may have been suffering from mental illness? Would you agree to that? 10:47:30 10:47:32 10:47:35 10:47:37 10:47:40
MR. BLECHMAN: Misstates the transcript and witness' testimony. 10:47:43 10:47:49
But go ahead. 10:47:51

was very difficult to understand here at Line 732 there. 10:56:34 10:56:39

But he did seem to be answering your questions; is that right? 10:56:39 10:56:42

A. Yes, sir. Yes. 10:56:43

Q. All right. At some stage shortly after you arrived at the scene, did you become aware that he had been tased? 10:56:44 10:56:58 10:57:01

A. After reviewing my statement, I believe I made mention that I did see an expended cartridge -- Taser cartridge on the ground. 10:57:07 10:57:09 10:57:13

Q. Yeah. 10:57:16

Let's move forward to page eighteen, where you discuss that. 10:57:17 10:57:20

A. Sure. 10:57:21

Q. There is a question there starting at Line 771 on the top of page eighteen, and it says: 10:57:21 10:57:34

"Then you also mentioned earlier about being concerned about his safety and medical. Did you call for medical or did someone? Do you remember how medical was called?" 10:57:38 10:57:40 10:57:43 10:57:47

And you -- your answer was: 10:57:48

"So when I arrived on" the "scene, I saw obviously that the officers were actively trying to restrain him. Looking around the" 10:57:50 10:57:50 10:57:56

surroundings -- "surroundings, I saw the Taser cartridge on the ground next to him." 10:57:58 10:58:00

Then you said: 10:58:04

"Which led me to believe that a Taser had been deployed." 10:58:06 10:58:08

And you go on to say: 10:58:10

"So I knew the subject" needed -- "needed to get medical attention." 10:58:11 10:58:14

Does that refresh your recollection about the concerns you had about him being tased? 10:58:16 10:58:18

A. I did say that, yes. 10:58:21

Q. All right. Does it refresh your recollection that as soon as you saw the Tasers on the ground and realized that he had been tased that you -- you felt that he needed medical attention? 10:58:22 10:58:24 10:58:28 10:58:31

A. I would say that, yes. If I believed that the subject had been tased, yes. He would need medical attention. 10:58:33 10:58:35 10:58:39

Q. When I came in -- when I reviewed your -- your -- your body cam, which I did this weekend, I -- and I don't know whether we need to pull this up or whether this refresh -- refreshes your recollection. But when I reviewed your video cam, the very beginning, within about a minute -- according to the video I saw, it was a minute thirty-three after you 10:58:40 10:58:51 10:58:56 10:58:59 10:59:01 10:59:04 10:59:07

be transferred from subject to subject and/or biting too. 11:27:12 11:27:18

Q. Do you know whether he was -- he ever tried to spit on anybody while you were there? 11:27:18 11:27:21

A. I don't know. 11:27:25

MR. BLECHMAN: Calls for speculation. Lacks foundation. 11:27:28 11:27:29

Sorry. Go ahead and answer. 11:27:29

THE WITNESS: I don't know specifically. I'm sorry. 11:27:32 11:27:33

BY MR. GWILLIAM: 11:27:33

Q. You didn't observe him spitting; correct? 11:27:34

A. I don't believe I did, no. 11:27:40

Q. And you didn't observe him try to bite anybody; right? 11:27:42 11:27:47

A. I don't believe I did, no. 11:27:47

Q. Who made the decision to put the spit mask on him, if you know? 11:27:50 11:27:53

A. I don't remember at the time. I'm sorry. 11:27:55

Q. Okay. We'll move forward, if I could, to page thirty-five. I'm going to draw your attention to the subject we talked about a few minutes ago, Sergeant Sarasua, about who was in charge as the incident commander because I think you were asked some questions here. 11:27:57 11:28:15 11:28:18 11:28:22 11:28:25 11:28:27

STATE OF CALIFORNIA )
) ss.
COUNTY OF KERN )

I, B. Suzanne Hull, a Certified Shorthand Reporter in the State of California, holding Certificate Number 13495, do hereby certify that BENJAMIN JOSEPH SARASUA, JR., the witness named in the foregoing deposition, was by me duly sworn; that said deposition, was taken Monday, January 25, 2021, at the time and place set forth on the first page hereof.

That upon the taking of the deposition, the words of the witness were written down by me in stenotypy and thereafter transcribed by computer under my supervision; that the foregoing is a true and correct transcript of the testimony given by the witness.

Pursuant to Federal Rule 30(e), transcript review was requested.

I further certify that I am neither counsel for nor in any way related to any party to said action, nor in any way interested in the result or outcome thereof.

///

Dated this 28th day of January, 2021, at Bakersfield, California.

B. Suzanne Hull, CSR No. 13495