J. GARY GWILLIAM (SBN. 33430)
JAYME L. WALKER (SBN. 273159)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
1999 Harrison St., Suite 1600,
Oakland, CA 94612
Phone: (510) 832-5411
Fax: (510) 832-1918
Email: ggwilliam@giccb.com
         jwalker@giccb.com

MICHAEL E. CARDOZA (SBN 52264)
The Cardoza Law Offices
1407 Oakland Blvd. Ste 200
Walnut Creek, CA 94596
Telephone: (925) 274-2900
Facsimile: (925) 274-2910

Attorneys for Plaintiffs
JOHN AND ROSE BAUER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PLEASANTON; BRADLEE MIDDLETON; JONATHAN CHIN; RICHARD TROVAO; STEVEN BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY BILLDT; DAVID SPILLER; and DOES 1 to 50, inclusive;<br><br>Defendants. | Case No.: 3:19-cv-04593-LB<br><br>[ASSIGNED FOR ALL PURPOSES TO THE HON. LAUREL BEELER]<br><br>**PLAINTIFFS JOHN AND ROSE BAUER'S SUR REPLY BRIEF IN SUPPORT OF PLAINTIFF JOHN AND ROSE BAUER'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT**<br><br>Date:  April 22, 2021<br>Time:  9:30 a.m.<br>Dept.:  Courtroom B – 15th Floor (San Francisco)<br>Judge:  Hon. Laurel Beeler<br><br>Date Removed: August 7, 2019<br>Complaint Filed: June 20, 2019<br>Trial Date: July 19, 2021 |

## I. INTRODUCTION

Defendants have the burden of making a timely motion for summary judgment and they failed to meet that burden in their moving papers with regard to the ADA claim. Therefore, the court should not consider Defendants' motion for summary adjudication of that claim. However, if the court decides to consider Defendants' late motion, there are demonstrable triable issues of fact precluding summary adjudication of Plaintiffs' ADA claim.

## II. LEGAL ARGUMENT

### A. Defendants Cannot Raise the ADA Issue for the First Time in Their Reply.

The Court should not address Defendants' belated argument for summary judgment on this issue. It is well-settled that reply papers should be limited to matters raised in the opposition papers. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007) ("district court need not consider arguments raised for the first time in a reply brief")). Since the ADA claim was not raised by Defendants in its moving papers, the Court should find that Defendant failed to meet its burden on summary adjudication of that claim and deny Defendants' motion on that basis.

### B. Defendants Violated Jacob's Rights Under the ADA.

However, if the court is inclined to hear the merits, there are triable issues of fact as to whether the City of Pleasanton failed to provide a reasonable accommodation for Jacob Bauer's disability. Plaintiffs make a claim for violations of the ADA on the grounds that Defendants knew or should have known that Jacob was mentally ill yet failed to reasonably accommodate that disability in the course of their investigative detention causing Jacob to suffer greater injury or indignity in that process than other arrestees. (See *Sheehan v. City & Cty. Of San Francisco*, 743 F.3d 1211, 1232-33 (9th Cir. 2014), rev'd in part on other grounds, cert. dismissed in part sub nom. *City & Cty. Of San Francisco v. Sheehan*, 575 U.S. 600 (2015).

The following facts demonstrate that officers knew or should have known Jacob Bauer was mentally ill:

- Their own training to recognize people suffering from disabilities. (Ex. F-1 to the Declaration of Jayme L. Walker in Support of Plaintiffs John and Rose Bauer's Opposition to Defendants Motion for Summary Judgment/Partial Summary Judgment ("Walker Decl."), POST LD 37; Ex. F to Opp. Decl., Harmening Report, at 14-15; Ex. D-7, PPD Policy 419 – Crisis Intervention Tactics at p. 353-4; Ex. 1 to the Declaration of Jayme L. Walker in Support of Plaintiffs John and Rose

Bauer's Sur Reply to Plaintiffs John and Rose Bauer's Opposition to Defendants Motion for Summary Judgment/Partial Summary Judgment ("Supp. Decl."), Chin Depo., at 30:25-31:3.)[1]

- The 911 call and CAD reports that stated Jacob was "deranged" "ranting to himself." (Ex. C-1 , 911 Call; Ex. D-8, CAD Report, at p. PPD2470.)

- The Raley's employees who said Jacob was either "intoxicated, on drugs, or crazy." (Ex. C-2 , Middleton BWC, attached to Ryan Report, Ex. C at ¶¶ 49, 54.)

- Jacob displayed peculiar behavior upon contact stating someone stole a glass from his house and it brought back bad memories. (Ex. E-3 to, Chin BWC; Ex. 2 to Supp. Decl., Middleton Depo., at 43:11-23.)

- The fact that his parents had alerted the department four times that he was mentally ill and sought a 5150. (Ex. A t, John Bauer Depo., at 50:2-24, 51:11-23; Ex. 3 to Supp. Decl., Spiller Depo., at 38:3-9.)

Based on these facts, the City of Pleasanton was aware of Jacob Bauer's disability yet they did nothing to alert responding officers of the parents' prior contact with them, even though their own CIT policy advises officers to request such information from dispatch. (See Ex. 4 to Supp. Decl., PPD Policy 419 at Policy 419.7, p. 355).  Even without knowledge of the prior contacts, there were sufficient facts that would have alerted a reasonable officer to the fact that Jacob was mentally ill.  The training that all officers receive when responding to mentally ill individuals teaches officers to be patient and avoid overreacting and that such individuals should be approached slowly and in non-aggressive manner, to avoid physical confrontation, and avoid stances or tactics that can be interpreted as aggressive. (Ex. 4 to Supp. Decl. at p. 354-5).  Since there were no exigent safety issues (See Ex. D, Middleton Depo at 63:10-13 [Jacob was not an imminent threat to anyone]), it was unreasonable for PPD officers to physically detain Jacob and increase their violent tactics when he responded as a mentally ill person predictably would to their unlawful use of force.

The Ninth Circuit's decision in *Sheehan* is instructive. *Sheehan* involved officers responding to a call for a mentally ill woman who needed medical evaluation. When officers arrived a second time they forced entry into her room and wound up shooting and nearly killing her.  743 F.3d at 1215.  Sheehan asserted that the officers should have respected her comfort zone,

---

[1] All lettered exhibits are attached to the Walker Decl., to which we refer the Court for such exhibits.  All numbered exhibits are attached to the Supp. Decl. and are noted as such.

engaged in non-threatening communications and used the passage of time to defuse the situation rather than precipitating a deadly confrontation. The Ninth Circuit found summary judgment inappropriate for the defendants because the officers had an opportunity to wait for backup and to employ less confrontational tactics, including the accommodations that Sheehan asserts were necessary. ***Importantly, the Ninth Circuit noted that the reasonableness of an accommodation is ordinarily a question of fact left for the jury***. *Id.* at 1233.

Here, Plaintiffs claim that Defendants should have used de-escalation tactics and other CIT tactics to approach Jacob Bauer. Instead, they failed to evaluate his mental illness and failed to employ any CIT or de-escalation tactics. Jacob's mental illness put him at an increased risk for sudden death if he had a violent altercation with police. (Ex. F, Harmening Report, at p. 15). Defendant Middleton claimed he never even intended to evaluate if Jacob Bauer was mentally ill because he was investigating a possible crime. (Ex. D, Middleton Depo, at 29:2-4). Defendants' argument in their reply brief that they did not have time to be on notice of Jacob's mental illness, is a question of fact for the jury. Moreover, whether it would have been reasonable to use CIT and de-escalation tactics given the situation is also a question of fact. For these reasons, summary adjudication on Plaintiffs' ADA claim must be denied.

Finally, in order to recover monetary damages for violations of the ADA, Plaintiffs must show deliberate indifference. Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that the likelihood. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

Here, Plaintiffs have produced evidence that show police are trained regarding mentally ill individuals and how to respond to such individuals. They are trained that such individuals respond negatively to physical touch. (Ex. F, Harmening Report, at p. 15). Nonetheless, Defendant Middleton testified that he never even intended to evaluate whether Jacob Bauer was mentally ill. (Ex. D, Middleton Depo at 29:2-4). This is evidence of deliberate indifference. Moreover, the lack of training and discipline following both the John Deming death and Jacob Bauer's death shows a deliberate indifference by PPD to its officers' failure to reasonably accommodate mentally

ill individuals by altering the offender/criminal mindset to one of accommodation and treatment for those suffering from mental illness as opposed to incarceration as set for in Defendants' own CIT policy. (Ex. 4 to Supp. Decl. at p. 353-4.) Officer Middleton had no training or even awareness of this policy. (Ex. D, Middleton Depo. at 39:18-40:1). This shows a deliberate indifference by the City of Pleasanton to the Police Department's deadly interactions with the mentally ill.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court DENY Defendants' motion for summary judgment/partial summary judgment.

DATE: April 16, 2021                    GWILLIAM IVARY CHIOSSO CAVALLI & BREWER

/s/ Jayme L. Walker
_____
J. Gary Gwilliam
Jayme L. Walker
Attorneys for Plaintiffs
JOHN AND ROSE BAUER