# EXHIBIT 4

(c) Loss of memory

(d) Incoherence, disorientation or slow response

(e) Delusions, hallucinations, perceptions unrelated to reality or grandiose ideas

(f) Depression, pronounced feelings of hopelessness or uselessness, extreme sadness or guilt

(g) Social withdrawal

(h) Manic or impulsive behavior, extreme agitation, lack of control

(i) Lack of fear

(j) Anxiety, aggression, rigidity, inflexibility or paranoia

Members should be aware that this list is not exhaustive. The presence or absence of any of these should not be treated as proof of the presence or absence of a mental health issue or crisis.

**419.4 COORDINATION WITH MENTAL HEALTH PROFESSIONALS**

The Chief of Police should designate an appropriate Division Commanderand departmental Crisis Intervention Training (CIT) program coordinators to collaborate with mental health professionals to develop an education and response protocol. It should include a list of community resources, such as that developed by Alameda County Behavioral Health Care Services to guide department interaction with those who may be suffering from mental illness or who appear to be in a mental health crisis. The CIT program coordinators will also collaborate with the Alameda County Multi-Disciplinary Forensic Team (MDFT) to address the needs of frequent consumers of mental health services in the community who have been identified by the department. When appropriate, individuals who have been involved in serious or repetitive incidents should be brought to the attention of CIT program coordinators, who can then refer the individual to the MDFT for additional follow up and intervention by appropriate mental health professionals.

**419.5 FIRST RESPONDERS**

Safety is a priority for first responders. It is important to recognize that individuals under the influence of alcohol, drugs or both may exhibit symptoms that are similar to those of a person in a mental health crisis. These individuals may still present a serious threat to officers; such a threat should be addressed with reasonable tactics. Nothing in this policy shall be construed to limit an officer's authority to use reasonable force when interacting with a person in crisis.

Officers are reminded that mental health issues, mental health crises and unusual behavior alone are not criminal offenses. Individuals may benefit from treatment as opposed to incarceration.

An officer responding to a call involving a person in crisis should:

(a) Promptly assess the situation independent of reported information and make a preliminary determination regarding whether a mental health crisis may be a factor.

(b) Request available backup officers and specialized resources as deemed necessary and, if it is reasonably believed that the person is in a crisis situation, use Crisis

Copyright Lexipol, LLC 2019/11/18, All Rights Reserved.
Published with permission by Pleasanton Police Department

Intervention Training techniques which include conflict resolution and de-escalation techniques to stabilize the incident as appropriate.

(c) If feasible, and without compromising safety, turn off flashing lights, bright lights or sirens.

(d) Attempt to determine if weapons are present or available.

1. Prior to making contact, and whenever possible and reasonable, conduct a search of the Department of Justice Automated Firearms System via the California Law Enforcement Telecommunications System (CLETS) to determine whether the person is the registered owner of a firearm (Penal Code § 11106.4).

(e) Take into account the person's mental and emotional state and potential inability to understand commands or to appreciate the consequences of his/her action or inaction, as perceived by the officer.

(f) Secure the scene and clear the immediate area as necessary.

(g) Employ tactics to preserve the safety of all participants.

(h) Determine the nature of any crime.

(i) Request a supervisor, as warranted.

(j) Evaluate any available information that might assist in determining cause or motivation for the person's actions or stated intentions.

(k) If circumstances reasonably permit, consider and employ alternatives to force.

### 419.6 DE-ESCALATION

Officers should consider that taking no action or passively monitoring the situation may be the most reasonable response to a mental health crisis.

Once it is determined that a situation is a mental health crisis and immediate safety concerns have been addressed, responding members should be aware of the following considerations and should generally:

- Evaluate safety conditions.
- Introduce themselves and attempt to obtain the person's name.
- Be patient, polite, calm, courteous and avoid overreacting.
- Speak and move slowly and in a non-threatening manner.
- Moderate the level of direct eye contact.
- Remove distractions or disruptive people from the area.
- Demonstrate active listening skills (e.g., summarize the person's verbal communication).
- Provide for sufficient avenues of retreat or escape should the situation become volatile.

Copyright Lexipol, LLC 2019/11/18, All Rights Reserved.
Published with permission by Pleasanton Police Department

Responding officers generally should not:

- Use stances or tactics that can be interpreted as aggressive.
- Allow others to interrupt or engage the person.
- Corner a person who is not believed to be armed, violent or suicidal.
- Argue, speak with a raised voice or use threats to obtain compliance.

**419.7 INCIDENT ORIENTATION**

When responding to an incident that may involve mental illness or a mental health crisis, the officer should request that the dispatcher provide critical information as it becomes available. This includes:

(a) Whether the person relies on drugs or medication, or may have failed to take his/her medication.

(b) Whether there have been prior incidents, suicide threats/attempts, and whether there has been previous police response.

(c) Contact information for a treating physician or mental health professional.

Additional resources and a supervisor should be requested as warranted.

**419.8 SUPERVISOR RESPONSIBILITIES**

A supervisor should respond to the scene of any interaction with a person in crisis. Responding supervisors should:

(a) Attempt to secure appropriate and sufficient resources.

(b) Closely monitor any use of force, including the use of restraints, and ensure that those subjected to the use of force are provided with timely access to medical care (see the Handcuffing and Restraints Policy).

(c) Consider strategic disengagement. Absent an imminent threat to the public and, as circumstances dictate, this may include removing or reducing law enforcement resources or engaging in passive monitoring.

(d) Ensure that all reports are completed and that incident documentation uses appropriate terminology and language.

(e) Conduct an after-action tactical and operational debriefing, and prepare an after-action evaluation of the incident to be forwarded to the Division Commander.

Evaluate whether a critical incident stress management debriefing for involved members is warranted.

**419.9 INCIDENT REPORTING**

Members engaging in any oral or written communication associated with a mental health crisis should be mindful of the sensitive nature of such communications and should exercise appropriate discretion when referring to or describing persons and circumstances.

Copyright Lexipol, LLC 2019/11/18, All Rights Reserved.
Published with permission by Pleasanton Police Department