1    NOAH G. BLECHMAN (State Bar No. 197167)
      noah.blechman@mcnamaralaw.com
2    McNAMARA, NEY, BEATTY, SLATTERY,
      BORGES & AMBACHER LLP
3    3480 Buskirk Avenue, Suite 250
      Pleasant Hill, CA 94523
4    Telephone: (925) 939-5330
      Facsimile:  (925) 939-0203

5

6    Attorneys for Defendants
      CITY OF PLEASANTON; BRADLEE MIDDLETON;
7    JONATHAN CHIN; RICHARD TROVAO; JASON KNIGHT;
      MARTY BILLDT; and DAVE SPILLER

8

9               UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  JOHN BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased; ROSE BAUER, an individual and as Successor in Interest of Jacob Bauer, deceased, | Case No. C19-04593 LB |
| | **SURREPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT** |
| Plaintiffs, | Date:       April 22, 2021 |
| vs. | Time:      9:30 a.m. |
| CITY OF PLEASANTON; CITY OF PLEASANTON; BRADLEE MIDDLETON; JONATHAN CHIN; RICHARD TROVAO; STEVEN BENNETT; ALEX KOUMISS; JASON KNIGHT; MARTY BILLDT; and DAVE SPILLER; and DOES 1 to 90 INCLUSIVE, | Dept:     Floor 15, Ctrm. B (S.F.) |
| | Judge:   Hon. Laurel Beeler |
| Defendants. | Trial Date:  July 19, 2021 |

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

# I. <u>INTRODUCTION</u>

In their Sur Reply (ECF 86), as in their Opposition (ECF 79), Plaintiffs make misrepresentations of the record, cite to testimony out of context, and include irrelevant evidence, to distract the Court from the undisputed evidence which supports a judgment in Defendants' favor, especially with regard to the ADA claim. The Court should confirm that Plaintiffs' cites are accurate. Plaintiffs have failed to demonstrate an ADA claim against the City of Pleasanton.

# II. <u>SURREPLY ARGUMENTS</u>

## A.     <u>The Court Should Consider the ADA Claim</u>

Generally, issues raised for the first time in a reply brief are considered waived, however, "for good cause, the court may grant relief from the waiver." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting Fed. R. Crim. P. 12(e)). The decision to grant relief "lies in the discretion of the Court." *Id.* at 669 (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Defendants' made a harmless error in failing to discuss Plaintiffs' ADA claim in their moving papers. The Court should not consider this claim as waived, particularly as Plaintiffs' were given a full opportunity to reply here, with exhibits, overcoming the purpose of this bar to raising new arguments on reply. See *Aiello v. FKI Industries, Inc.*, 2006 U.S. Dist. LEXIS 70226, at *6 (W.D. Wash. Sept. 28, 2006) and *Okanogan Highlands Alliance v. Williams*, 236 F.3d 468, 478 n. 4 (9th Cir. 2000). The ADA claim is at issue on this motion and summary judgment is warranted.

## B.     <u>Plaintiffs Have Failed to Demonstrate that the City Violated the ADA</u>

As stated in Defendants' Reply (ECF 84), the record does not support Plaintiffs' claims that the City failed to provide reasonable accommodations for JB's "disability" (he was actually just very high on methamphetamines) or that the City subjected JB to greater injury or indignity. In support of their claims, Plaintiffs' rely on reports from untrained reporting parties that JB was "acting deranged" or "intoxicated, on drugs, or crazy" as proof that the City was aware of JB's "disability." Additionally, Plaintiffs' claim, while misstating Officer Middleton's deposition testimony, that JB did not pose a safety threat and, as such, the officers should have approached JB slowly and in a non-aggressive manner. Plaintiffs ignore that JB was ultimately responsible for the escalation and limited use of force and the video evidence shows that officers acted deliberately

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

and non-aggressively up to the time JB violently resisted handcuffing.  When Officers Chin and Middleton first interacted with JB, JB appeared coherent and did not show signs of mental illness.

Here, Plaintiffs conclusory allegation that Defendants' caused JB "to suffer greater injury or indignity" is wholly unsubstantiated by the record.  There is no evidence to suggest that officers acted a certain way **due to** JB's claimed "disability."   Plaintiffs have not alleged any facts or evidence that support an accusation that officers adjusted their treatment of JB based on their perception of his disability.   Plaintiffs argue that the Ninth Circuit's decision in *Sheehan*, is <u>instructive</u>, however this case is factually dissimilar and entirely distinguishable.  *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), rev'd in part on other grounds, 575 U.S. 600 (2015).  First, the officers in *Sheehan* were called to conduct a welfare check at the request of Sheehan's social worker, *Id*. at 1215, while officers here were investigating criminal behavior.  Further, the *Sheehan* officers understood that Sheehan was suffering from a mental illness at the outset of their encounter, but that is not the case here as officers did not know about any "disability" of JB, were investigating criminal behavior and relied on offhanded comments by supermarket employees that JB may be "crazy or on drugs" is not proof of any "disability."   Also, in *Sheehan*, Sheehan retreated to a separate space, allowing officers the opportunity to defuse the situation, but here JB began violently resisting immediately when he was to be handcuffed, providing PPD officers here with no such opportunity once the struggle started.  *Sheehan* is entirely distinguishable and Plaintiffs' reliance on that case shows their ADA claim is subject to dismissal.

**C.**   **Plaintiffs' Have Not Shown Deliberate Indifference As Required to Recover Monetary Damages for Violations of the ADA**

In support of their contention that Defendants exercised deliberate indifference, Plaintiffs argue that Middleton stated he never intended to evaluate whether or not JB was mentally ill.  This is not only a complete misrepresentation of Middleton's deposition testimony, but Plaintiffs' failed to properly cite this statement, instead citing only to an objection by defense counsel. Further, Plaintiffs' claim that officers knew or had reason to know that JB was in a mental health crisis is in blatant contradiction to Plaintiffs' assertions that the City failed to train officers on how to identify when an individual is experiencing a mental health crisis. In other words, in the same cause of

SURREPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT / PARTIAL SUMMARY JUDGMENT, C19-04593 LB

2

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

action, Plaintiffs assert that officers knew of JB's mental health crisis, but failed to act appropriately, and that the City failed to train officers on how to identify symptoms of a mental illness. These two contentions are opposites and cannot exist together. Further, even if officers knew or had reason to know that JB was suffering from a mental health crisis, this does not rise to the "deliberate indifference" standard that controls here. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). <u>After all, officers had the lawful right to put their hands on JB to detain him and Plaintiffs cannot show that a lesser amount of force would have been reasonable, nor prove any intentional discrimination by officers</u>. *O'Doan v. Sanford*, No. 19-15623, 2021 U.S. App. LEXIS 8077, *22, Fn.1, *39, Fn.3 (9th Cir. Mar. 19, 2021). **Plaintiffs never cite to this case once.**

"[D]eliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course." *Duvall*, 260 F.3d at 1138. "Rather, in order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Failing to recognize an alleged mental health issue and deliberately altering behavior on account of a person's mental health are two distinct scenarios. Plaintiffs have not provided evidence of any deliberateness to overcome this motion on the ADA.

Further, in support of their deliberate indifference argument, Plaintiffs' ignore an important qualifier in PPD Policy 419.5, which states "nothing in this policy shall be construed to limit an officer's authority to use reasonable force when interacting with a person in crisis" before describing several tools that officers can utilize when interacting with an individual with a disability. Additionally, Plaintiffs' reliance on PPD Policy 419.7 as evidence of deliberate indifference is misplaced. Chin and Middleton arrived at Raley's in response to property destruction and vandalism, not in response to someone reporting a mental health crisis. Moreover, while the policy states that officers *should* request information if available, it was not feasible in this situation as Middleton and Chin interacted with JB for approximately <u>three minutes</u> prior to attempt to handcuff JB for officer safety, which led to the prolonged struggle due to JB's resistance. During those three minutes, it was not clear that Middleton and Chin were dealing with someone with a mental "disability" as opposed to someone simply under the influence of drugs or someone having

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1   a bad day.  As such, Plaintiffs have not provided any evidence that shows officers adjusted their

2   treatment of JB based on their perception of his "disability" nor acted with deliberate indifference.

3                                   **III. <u>CONCLUSION</u>**

4           In sum, Defendants are entitled to judgment as a matter of law as to all claims and/or partial

5   summary judgment on this record, including the unsupported ADA claim by Plaintiffs.

6

7           The undersigned attests that concurrence in the filing of this document has been obtained

8   from the Signatory below, which shall serve in lieu of their signature on the document.

9   Dated:  April 19, 2021                  McNamara, Ney, Beatty, Slattery, Borges & Ambacher LLP

10
                                            By:   ___/s/ Blechman, Noah G._____
11                                                Noah G. Blechman
                                                  Attorneys for Defendants
12                                                CITY OF PLEASANTON, et al.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330