EXHIBIT D-7




# Crisis Intervention Incidents

## 419.1 PURPOSE AND SCOPE
This policy provides guidelines for interacting with those who may be experiencing a mental health or emotional crisis. Interaction with such individuals has the potential for miscommunication and violence. It often requires an officer to make difficult judgments about a person's mental state and intent in order to effectively and legally interact with the individual.

### 419.1.1 DEFINITIONS
Definitions related to this policy include:

Alameda County Multi-Disciplinary Forensic Team (MDFT) - A voluntary coalition of Law Enforcement Agencies, County Behavioral Health Care Agencies and allied service providers.

The members of the MDFT meet on a routine basis to assist those individuals with mental illness, substance abuse and co-occurring disorders who are at high risk of frequent welfare checks, involuntary hospitalization, or who have been arrested for behavioral activity related to their disabilities. The team is committed to assisting these individuals in obtaining evaluation, treatment and ongoing services leading towards recovery and reducing recidivism for the benefit of both the individual and community.

Crisis Intervention Training (CIT) Program Coordinator – Member(s) of the Department designated by the Chief of Police to coordinate with community mental health professionals and facilitate the integration of Alameda County CIT principles into department training.

**Person in crisis** - A person whose level of distress or mental health symptoms have exceeded the person's internal ability to manage his/her behavior or emotions. A crisis can be precipitated by any number of things, including an increase in the symptoms of mental illness despite treatment compliance; non-compliance with treatment, including a failure to take prescribed medications appropriately; or any other circumstance or event that causes the person to engage in erratic, disruptive or dangerous behavior that may be accompanied by impaired judgment.

## 419.2 POLICY
The Pleasanton Police Department is committed to providing a consistently high level of service to all members of the community and recognizes that persons in crisis may benefit from intervention. The department will collaborate, where feasible, with mental health professionals to develop an overall intervention strategy to guide its members' interactions with those experiencing a mental health crisis. This is to ensure equitable and safe treatment of all involved.

## 419.3 SIGNS
Members should be alert to any of the following possible signs of mental health issues or crises:

    (a)    A known history of mental illness

    (b)    Threats of or attempted suicide

- (c) Loss of memory
- (d) Incoherence, disorientation or slow response
- (e) Delusions, hallucinations, perceptions unrelated to reality or grandiose ideas
- (f) Depression, pronounced feelings of hopelessness or uselessness, extreme sadness or guilt
- (g) Social withdrawal
- (h) Manic or impulsive behavior, extreme agitation, lack of control
- (i) Lack of fear
- (j) Anxiety, aggression, rigidity, inflexibility or paranoia

Members should be aware that this list is not exhaustive. The presence or absence of any of these should not be treated as proof of the presence or absence of a mental health issue or crisis.

## 419.4 COORDINATION WITH MENTAL HEALTH PROFESSIONALS

The Chief of Police should designate an appropriate Division Commander and departmental Crisis Intervention Training (CIT) program coordinators to collaborate with mental health professionals to develop an education and response protocol. It should include a list of community resources, such as that developed by Alameda County Behavioral Health Care Services to guide department interaction with those who may be suffering from mental illness or who appear to be in a mental health crisis. The CIT program coordinators will also collaborate with the Alameda County Multi-Disciplinary Forensic Team (MDFT) to address the needs of frequent consumers of mental health services in the community who have been identified by the department. When appropriate, individuals who have been involved in serious or repetitive incidents should be brought to the attention of CIT program coordinators, who can then refer the individual to the MDFT for additional follow up and intervention by appropriate mental health professionals.

## 419.5 FIRST RESPONDERS

Safety is a priority for first responders. It is important to recognize that individuals under the influence of alcohol, drugs or both may exhibit symptoms that are similar to those of a person in a mental health crisis. These individuals may still present a serious threat to officers; such a threat should be addressed with reasonable tactics. Nothing in this policy shall be construed to limit an officer's authority to use reasonable force when interacting with a person in crisis.

Officers are reminded that mental health issues, mental health crises and unusual behavior alone are not criminal offenses. Individuals may benefit from treatment as opposed to incarceration.

An officer responding to a call involving a person in crisis should:

- (a) Promptly assess the situation independent of reported information and make a preliminary determination regarding whether a mental health crisis may be a factor.
- (b) Request available backup officers and specialized resources as deemed necessary and, if it is reasonably believed that the person is in a crisis situation, use Crisis

Intervention Training techniques which include conflict resolution and de-escalation techniques to stabilize the incident as appropriate.

- (c) If feasible, and without compromising safety, turn off flashing lights, bright lights or sirens.
- (d) Attempt to determine if weapons are present or available.
    1. Prior to making contact, and whenever possible and reasonable, conduct a search of the Department of Justice Automated Firearms System via the California Law Enforcement Telecommunications System (CLETS) to determine whether the person is the registered owner of a firearm (Penal Code § 11106.4).
- (e) Take into account the person's mental and emotional state and potential inability to understand commands or to appreciate the consequences of his/her action or inaction, as perceived by the officer.
- (f) Secure the scene and clear the immediate area as necessary.
- (g) Employ tactics to preserve the safety of all participants.
- (h) Determine the nature of any crime.
- (i) Request a supervisor, as warranted.
- (j) Evaluate any available information that might assist in determining cause or motivation for the person's actions or stated intentions.
- (k) If circumstances reasonably permit, consider and employ alternatives to force.

## 419.6 DE-ESCALATION

Officers should consider that taking no action or passively monitoring the situation may be the most reasonable response to a mental health crisis.

Once it is determined that a situation is a mental health crisis and immediate safety concerns have been addressed, responding members should be aware of the following considerations and should generally:

- Evaluate safety conditions.
- Introduce themselves and attempt to obtain the person's name.
- Be patient, polite, calm, courteous and avoid overreacting.
- Speak and move slowly and in a non-threatening manner.
- Moderate the level of direct eye contact.
- Remove distractions or disruptive people from the area.
- Demonstrate active listening skills (e.g., summarize the person's verbal communication).
- Provide for sufficient avenues of retreat or escape should the situation become volatile.

Copyright Lexipol, LLC 2018/11/18, All Rights Reserved.
Published with permission by Pleasanton Police Department

Responding officers generally should not:

- Use stances or tactics that can be interpreted as aggressive.
- Allow others to interrupt or engage the person.
- Corner a person who is not believed to be armed, violent or suicidal.
- Argue, speak with a raised voice or use threats to obtain compliance.

### 419.7 INCIDENT ORIENTATION
When responding to an incident that may involve mental illness or a mental health crisis, the officer should request that the dispatcher provide critical information as it becomes available. This includes:

(a) Whether the person relies on drugs or medication, or may have failed to take his/her medication.

(b) Whether there have been prior incidents, suicide threats/attempts, and whether there has been previous police response.

(c) Contact information for a treating physician or mental health professional.

Additional resources and a supervisor should be requested as warranted.

### 419.8 SUPERVISOR RESPONSIBILITIES
A supervisor should respond to the scene of any interaction with a person in crisis. Responding supervisors should:

(a) Attempt to secure appropriate and sufficient resources.

(b) Closely monitor any use of force, including the use of restraints, and ensure that those subjected to the use of force are provided with timely access to medical care (see the Handcuffing and Restraints Policy).

(c) Consider strategic disengagement. Absent an imminent threat to the public and, as circumstances dictate, this may include removing or reducing law enforcement resources or engaging in passive monitoring.

(d) Ensure that all reports are completed and that incident documentation uses appropriate terminology and language.

(e) Conduct an after-action tactical and operational debriefing, and prepare an after-action evaluation of the incident to be forwarded to the Division Commander.

Evaluate whether a critical incident stress management debriefing for involved members is warranted.

### 419.9 INCIDENT REPORTING
Members engaging in any oral or written communication associated with a mental health crisis should be mindful of the sensitive nature of such communications and should exercise appropriate discretion when referring to or describing persons and circumstances.

Members having contact with a person in crisis should keep related information confidential, except to the extent that revealing information is necessary to conform to department reporting procedures or other official mental health or medical proceedings. When appropriate, individuals who have been involved in serious or repetitive incidents should be brought to the attention of CIT program coordinators, who can then refer the individual to the Multi-Disciplinary Forensic Team for additional follow up and intervention by appropriate mental health professionals.

### 419.9.1 DIVERSION
Individuals who are not being arrested should be processed in accordance with the Mental Illness Commitments Policy.

### 419.10 NON-SWORN INTERACTION WITH PEOPLE IN CRISIS
Non-sworn members may be required to interact with persons in crisis in an administrative capacity, such as dispatching, records request, and animal control issues.

(a) Members should treat all individuals equally and with dignity and respect.
(b) If a member believes that he/she is interacting with a person in crisis, he/she should proceed patiently and in a calm manner.
(c) Members should be aware and understand that the person may make unusual or bizarre claims or requests.

If a person's behavior makes the member feel unsafe, if the person is or becomes disruptive or violent, or if the person acts in such a manner as to cause the member to believe that the person may be harmful to him/herself or others, an officer should be promptly summoned to provide assistance.

### 419.11 EVALUATION
The Division Commander designated to coordinate the crisis intervention strategy for this department should ensure that a thorough review and analysis of the department response to these incidents is conducted annually. The report will not include identifying information pertaining to any involved individuals, officers or incidents and will be submitted to the Chief of Police through the chain of command.

### 419.12 TRAINING
In coordination with the mental health community and appropriate stakeholders, the Department will develop and provide comprehensive education and training to all department members to enable them to effectively interact with persons in crisis. This will include the department's objective of having all patrol and dispatch personnel attend Crisis Intervention Training offered through Alameda County Behavioral Health Care Services.

The CIT program coordinators will also work to ensure that the principles taught during Crisis Intervention Training are integrated into departmental training. This ongoing training should include incorporating CIT principles into use of force training sessions, creating training bulletins related to addressing contemporary mental health issues in the community, and coordinating

presentations by mental health professionals during monthly training sessions, leadership team meetings, daily briefings, etc.

This department will endeavor to provide Peace Officer Standards and Training (POST)-approved advanced officer training on interaction with persons with mental disabilities, welfare checks and crisis intervention (Penal Code § 11106.4; Penal Code § 13515.25; Penal Code § 13515.27; Penal Code § 13515.30).